In the Matter of the Compensation
of Berlie O. Bold, Claimant.

**BOLD,**
*Petitioner,*
*v.*
**STATE ACCIDENT INSURANCE FUND
CORPORATION,**
*Respondent.*

(WCB Case No. 79-07213, CA A24446)

653 P2d 1001

David W. Hittle, Salem, argued the cause and filed the brief for petitioner. With him on the brief was Olson, Hittle & Gardner, Salem.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board upholding the carrier's denial of temporary total disability payments.

Claimant is a full-time shop teacher at Canby High School. On November 10, 1977, a winch handle struck his right hand, causing an impacted comminuted fracture of the second metacarpal head. Claimant received conservative treatment and returned to work in four days. He continued to work throughout the spring as a shop instructor. Claimant's salary was ordinarily payable in twelve equal installments, but at the end of the school year, he opted to collect his summer installments in a lump sum.

Claimant had also been a journeyman welder for 20 years. During the summer months, between the school years, he usually worked as a welder. He would have done so in the summer of 1978, but, in his estimation, the hand injury prevented him from doing so. Although he was physically able to work as a shop teacher during the summer, that work was not available to him. In the summers of 1979 and 1980, instead of welding, claimant took course work relating to his teaching certification. The record is not entirely clear, but he may also have done so in the summer of 1978. In any event, claimant worked at no occupation during the summer of 1978.

The *only* issue raised is claimant's entitlement to temporary total disability benefits for the period from June 2 to August 25, 1978. Citing *Jackson v. SAIF,* 7 Or App 109, 490 P2d 507 (1971), the referee ruled that his entitlement to temporary total disability depended on whether claimant was unable to perform his "regular work" during the summer, and he concluded that claimant was not so entitled because his "regular work" was as a teacher:

> "[Claimant's] work as a welder was not his regular employment during the summer months, but merely substitute employment during those summer periods when school was in recess and he had no other professional obligations as a teacher to satisfy."

In the alternative, the referee reasoned that "regular work" was the type of work performed at the time of injury, which

in this case was teaching. In *Jackson v. SAIF, supra,* the court stated:

"Temporary disability payments ordinarily continue until the workman returns to regular work, is released by his doctor to return to regular work, or there has been a determination that the workman's condition is medically stationary under ORS 656.268." 7 Or App at 115. ·

Seeing a "more fundamental issue" than whether welding was or was not claimant's regular employment during the summer, the Board upheld the denial on the ground that claimant's entitlement to time loss payments ceased when he returned to his teaching work, there being no indication that claimant had been released for work on a trial basis. The Board stated:

"If claimant returned to work as a shop teacher prior to the end of the school year, his entitlement to time loss payments ceased."

Claimant was not totally disabled during the relevant period, as evidenced by his prompt return to work as a shop teacher and by his testimony that he was physically *able* to continue to do that work during the summer. Temporary total disability is not directly defined in the statutes. In relevant part, ORS 656.210(1) states:

"When the total disability is only temporary, the worker shall receive during the period of that total disability compensation equal to 66-2/3 percent of wages, but not more than 100 percent of the average weekly wage nor less than the amount of 90 percent of wages a week or the amount of $50 a week, whichever amount is lesser. * * *"

The statute governs the rate of payment of temporary total disability by predisability earnings. It sequentially follows ORS 656.206 to 656.209, which pertain to permanent total disability. The initial phrase of ORS 656.210(1) ("When the total disability is only temporary") indicates that "total disability" would be as defined in ORS 656.206(1)(a).[1] That

---

[1] ORS 656.206(1)(a) provides:

" 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which the worker is able to perform after rehabilitation."

is, total disability is the incapacitation of a worker "from regularly performing work at a gainful and suitable occupation."

Here, claimant was *able* regularly to perform work at a "gainful and suitable occupation," namely, that of shop teacher. Thus, he was not totally disabled within the meaning of the statutory scheme. It follows that he was not entitled to temporary total disability benefits for the period requested.

Affirmed.