**Anthony Lenaire CURRY, Petitioner— Appellant,**

v.

**Joan PALMATEER, Superintendent, Oregon State Penitentiary, Respondent—Appellee.**

No. 02–35017.

D.C. No. CV–99–00617–KI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided April 16, 2003.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before REAVLEY,* KOZINSKI and W. FLETCHER, Circuit Judges.

* Honorable Thomas M. Reavley, Senior United States *Circuit Judge for the Fifth Circuit*, sitting by designation.

## MEMORANDUM**

1. The Applicability of Former Or. Admin. R. 253–04–006(3)

■ The district court erred in finding that Curry's prior Washington convictions resulted in a probationary disposition and hence not a "sentence" within the meaning of former Oregon Admin. R. 253–04–006(3) (the "single judicial proceeding" rule). There is no reason to treat Curry's Washington sentence as anything other than that—a sentence. The Washington court's "minute entry," judicially noted by the Oregon Court of Appeals, states, "The Court *sentences* the Def. to a term of total confinement of 90 days on both counts, concurrent" (emphasis added), and contains no reference to probation.

Curry has provided evidence that his Washington convictions satisfy the "single judicial proceeding" rule. The Washington state court's "minute entry" specifically noted that the two counts were concurrent. Further, both counts were for promoting prostitution—the same crime involving the same elements—at times separated by only three-and-one-half months.

2. Deficient Performance

■ The failure to raise a meritorious argument at sentencing that might have significantly reduced Curry's criminal history score qualifies as ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It appears from the record that Curry's attorney at sentencing was simply unaware of the "single judicial proceeding" rule and its relevance to Curry's sentence.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### 3. Prejudice

Any increase in a defendant's sentence due to ineffective assistance suffices to show prejudice. *See Glover v. United States,* 531 U.S. 198, 204, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001). Had Curry's lawyer successfully argued the applicability of former Or. Admin. R. 253–04–006(3), his sentence would have been 24 months shorter than the sentence imposed.

The State contends the sentence would have been the same under the so-called *Miller/Bucholz* rule. *See State v. Miller,* 317 Or. 297, 855 P.2d 1093 (1993) (en banc); *State v. Bucholz,* 317 Or. 309, 855 P.2d 1100 (1993) (en banc). The State, however, may have waived this argument by failing to raise it at sentencing. *See, e.g., State v. Glaspey,* 184 Or.App. 170, 55 P.3d 562 (2002) (en banc); *State v. Knight,* 60 Or.App. 395, 981 P.2d 819, 823 (1999); *State v. Brown,* 132 Or.App. 443, 888 P.2d 1071, 1073–74 (1995). This possibility is sufficient for Curry to establish prejudice here, even if at resentencing the state court ultimately concludes the argument was not waived.

### 4. Conclusion

From our independent review of the record, we conclude that the "single judicial proceeding" rule would have applied to Curry's prior Washington convictions and would have operated to reduce his sentence by two years. The failure to argue the rule, therefore, fell below an objective standard of reasonableness and prejudiced him in a tangible way. The Oregon court's rejection of Curry's federal claim was objectively unreasonable. *See Penry v. Johnson,* 532 U.S. 782, 793, 121 S.Ct. 1910,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

150 L.Ed.2d 9 (2001); *Delgado v. Lewis,* 223 F.3d 976, 981–82 (9th Cir.2000).

REVERSED and REMANDED.