Argued and submitted February 7, conviction affirmed; remanded for resentencing
November 12, 1992

STATE OF OREGON,
*Respondent,*

*v.*

ERIC DUANE JOHNSON,
*Appellant.*

(C90-10-36000; CA A69111)

841 P2d 643

Martin W. Reeves, Portland, argued the cause for appellant. With him on the brief was Reeves, Kahn & Eder, Portland.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

Deits, J., concurring in part; dissenting in part.

## RICHARDSON, P. J.

Defendant appeals his conviction in a trial to the court of first degree burglary in a dwelling, ORS 164.225(1),[1] and assigns two errors. The first is that the court erred by finding him guilty, because there was insufficient evidence to support the finding. Defendant did not move in the trial court for a judgment of acquittal. The error, if any, was not preserved, and we will not consider it.

Defendant's second assignment is that the court erred in its application of the sentencing guidelines, because it placed him in too high a category on the criminal history scale. Defendant had also been convicted of first-degree burglary in 1989. The owner of the dwelling involved in that burglary was not in the building at the time of the crime, but was in the back yard gardening. First-degree burglary constitutes a "person felony," subject to a higher crime seriousness rating than non-person felonies, if, *inter alia*, "the offense was committed while the dwelling was occupied." OAR 253-04-002, App 2; OAR 253-04-001(14).

The question is whether the dwelling that defendant burglarized in 1989 was occupied. The trial court concluded that it was and placed the 1989 crime in the higher category for purposes of assessing defendant's criminal history. The court reasoned that, although the victim was not within the confines of the building itself, the purpose of the "occupied dwelling" provision is to distinguish

> "between burglarizing someone's home when you know they're not there and burglarizing somebody's home when they're on the premises. And the reason in a premises is sufficient, because the idea is that some people maybe not necessarily see you, but some burglars are not afraid of the confrontation with the homeowner, and the greatest danger

---

[1] ORS 164.225(1) provides:

"A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon."

to the homeowner and to the burglar for that matter these days is when they're both there at the same time."

Because the risk of harm exists whether the victim is *in* the dwelling or is only on the premises and in *proximity* to the dwelling, according to the trial court and the state, the "occupied dwelling" and "person felony" provisions are applicable here.

We agree with the trial court's understanding of the general purpose of the rating provisions. Nevertheless, we must determine whether the drafters of the provisions intended to and did extend the protective purpose beyond the house and into its environs. Stated otherwise, does the phrase "while the dwelling was occupied" encompass the premises or only the building itself? The word "dwelling" is not ambiguous, and it is defined for purposes of the burglary and trespass statutes by ORS 164.205(2):

" 'Dwelling' means a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present."

"Premises" is defined by ORS 164.205(6):

" 'Premises' includes any building and any real property, whether privately or publicly owned."[2]

In short, "dwelling" is a term of art in the law of burglary, and it does not mean the same thing as "premises." It means a building in which someone dwells. There is no reason to think that the drafters of the sentencing guidelines meant something different by the word than what it means in the burglary statutes and has historically meant in burglary law.

We have considered the issue whether a dwelling is "occupied" for purposes of the guidelines if a person resides there, even though the resident may not be at home at the time of the burglary. However, in the context of the guidelines provision, the word "occupied" would be a nonsequitur if it had that meaning. The sentencing factor would be a duplication of the definition of the word "dwelling" in the burglary statutes. If there were no occupant in the sense that the statute uses the term, the building would not be a "dwelling,"

---

[2] Neither is defined in the sentencing guidelines.

and the crime would not be first degree burglary. In short, "dwelling" cannot mean the same thing in the sentencing provision as it does in the definition of the crime, because, if it did, there would be no crime to which the sentencing factor could be applied. We conclude that, for purposes of the guidelines, "occupied" means that a person must be inside the building at the time of the burglary. The court erred in determining defendant's criminal history.

Conviction affirmed; remanded for resentencing.

**DEITS, J.,** concurring in part; dissenting in part.

I agree with the majority's disposition of the first assignment of error. However, I do not agree with the majority that we are compelled to conclude that a first degree burglary is not a "person felony" for purposes of the sentencing guidelines if the victim of the burglary was home at the time of the burglary, but not actually inside the house. The lesson to be learned from the majority opinion is that, when I take my garbage out, I need to keep one foot in the door.

The majority notes that "dwelling" is defined in the burglary statutes to include a building that is regularly or intermittently occupied by a person lodging there at night. It emphasizes that the term includes only the building and that there is no mention of premises or the curtilage of the dwelling in the definition. ORS 164.205(2). The majority points out that "premises" is separately defined in the burglary statutes to include any building *and* real property. ORS 164.205(6). As the majority concludes: " 'Dwelling' is a term of art in the law of burglary, and it does not mean the same thing as 'premises.' " 116 Or App at 255. Therefore, the majority reasons, in deciding what "occupied dwelling" means in the sentencing guidelines we are forced to conclude that it does not include the situation in this case, where the victim of the crime is home and on the premises but not actually inside the house.

I agree with the majority that the use of the modifier "occupied" was intended to create a different meaning than "dwelling" alone. The majority is also right that, if "occupied dwelling" means that someone regularly or intermittently sleeps in the building, it duplicates the meaning of "dwelling." Where I disagree with the majority is in its conclusion

that our only choice is to hold that the victim of the burglary must be inside the house in order for a dwelling to be an "occupied dwelling."

The term "occupy" is defined as:

> "To take or enter upon possession of; to hold possession of; to hold or keep for use; to possess; * * * Actual use, possession, and cultivation." *Black's Law Dictionary*, 1279 (6th ed 1990).

The way that the majority reads "occupied," the only way that one can be using or possessing a dwelling is to be inside. However, I do not think such a strict reading is necessary or reasonable. The better reading is to say that a dwelling is occupied if someone is *actually* using it or possessing it, which occurs if someone is at home, whether inside or out. Under that definition, a person may be occupying a dwelling, even if she temporarily steps outside to pot plants on the patio, sit on the porch or take out the garbage.

My reading of "occupied dwelling" is consistent with the purpose of the guidelines in classifying burglaries committed while a dwelling is occupied at a higher crime seriousness rating because the risk of harm to the victim is greater. As the trial court recognized, the risk to a person whose home is burglarized is just as great if she is on the deck potting plants or asleep inside the house. I would conclude that, because the victim was at home, the dwelling was occupied and, accordingly, the trial court properly classified the crime as a person felony. Accordingly, I dissent.