Argued and submitted August 28, remanded for resentencing on burglary
conviction; otherwise affirmed December 9, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## GARRETT S. FITZGERALD,
*Appellant.*

## (C901255CR; CA A71673)

843 P2d 964

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Paul Migchelbrink, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

Rossman, J., concurring in part; dissenting in part.

## De MUNIZ, J.

Defendant appeals his convictions for burglary in the first degree, ORS 164.225, and theft in the second degree. ORS 164.045. He first argues that the trial court erred in denying his motion for a mistrial on the basis of prosecutorial misconduct. He contends that the prosecutor, by referring to him as a "professional cat burglar" during final argument, went beyond the facts in order to hint at other wrongs or crimes for which he might have been responsible.

■■ Defendant's interpretation of the prosecutor's comment is plausible. However, the comment was not an unreasonable characterization of defendant's method of operation of entering a house through an unlocked door while the occupant slept and not leaving fingerprints. A motion for mistrial is addressed to the sound discretion of the trial court. *State v. Smith*, 310 Or 1, 24, 791 P2d 836 (1990). We cannot say that the court abused its discretion in denying the motion.

■ Defendant also argues that the court erred in imposing an upward departure on the conviction for burglary. The court cited the victim's vulnerability as one aggravating factor. OAR 253-08-002(1)(b)(B). The court said:

> "The victim's vulnerability, age, youth, disability or ill health, and I put down here 'vulnerability due to being asleep.' Someone is asleep, they're vulnerable. It would be the same as if the person is in an iron lung or a wheelchair, the person doesn't have that mobility or the ability to respond. So I have made a margin note on here that the aggravating factor of vulnerability is, in this particular instance, albeit perhaps not the primary or motivating factor for a departure, but the person is asleep and is therefore unable to protect themselves [*sic*]."

OAR 253-08-002(2) provides:

> "If a factual aspect of a crime is a statutory element of the crime *or is used to subclassify the crime on the Crime Seriousness Scale*, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime." (Emphasis supplied.)

The guidelines enhance the punishment for burglary in an occupied dwelling.[1] For purposes of the guidelines, "occupied" means that a person is inside the building at the time of the burglary. *State v. Johnson (A69111)*, 116 Or App 252, 841 P2d 643 (1992). The court here found that persons who are asleep lack mobility or the ability to respond. That is true, but it adds nothing to what is captured in the enhancing factor of "occupied dwelling." The sentence is enhanced precisely because a person is at home, and any confrontation that might occur could result in greater risk of danger. *See State v. Johnson (A69111), supra*, 116 Or App at 254-55. The concept of "occupied dwelling" would be virtually meaningless if it did not include the vulnerability of the victim engaged in the customary activities that occur in a dwelling.

■    OAR 253-08-002(2) does not preclude use of the subclassifying aspect if there is evidence that the particular sleeping victim was more vulnerable than victims sleeping in their dwellings would ordinarily be. There was no evidence to show that.

■    Defendant also argues that the court erred in finding, as an aggravating factor, that there was permanent injury to the victim. OAR 253-08-002(1)(b)(I). That factor was not included in the written judgment. However, insofar as the court may have relied on it, the court erred. That factor must relate to the individual victim. *State v. Wilson*, 111 Or App 147, 152, 826 P2d 1010 (1992). The finding here was not

---

[1] Appendix 3 provides:

**"BURGLARY I (ORS 164.225)**

**"CRIME CATEGORY 9**

"Burglary I shall be ranked at Crime Category 9 if any of the following factors were included in the commission of the offense:

"a.) the offender was armed with a deadly weapon; or

"b.) the offender caused or threatened physical injury to the victim.

**"CRIME CATEGORY 8**

"Burglary I shall be ranked at Crime Category 8 if

"a.) the offender did not cause or threaten physical injury to the victim and did not possess a deadly weapon (CC9); but

"b.) the offense was committed in an occupied dwelling.

**"CRIME CATEGORY 7**

"Burglary I shall be ranked at Crime Category 7 if it cannot be ranked at Crime Category 8 or 9." (Emphasis in original.)

based on evidence of the harm to the victim but, rather, on "the literature, that the victims of crime are 10 times more likely than average to be severely depressed even a decade or more later."[2]

Remanded for resentencing on the conviction for burglary in the first degree; otherwise affirmed.

**ROSSMAN, J.,** concurring in part; dissenting in part.

I concur with the majority in affirming defendant's conviction for theft.

Because I believe that the mere fact that a dwelling is occupied in no way prohibits a sentencing court from using the occupant's particular vulnerability as an aggravating factor, I dissent from the remand for resentencing.

The presumptive sentence in this case anticipates only the risk of harm created by the fact that the dwelling is occupied. It does not contemplate the additional risk faced by an occupant who is somehow incapacitated, as when he is asleep and does not have the ability to respond to the threat posed by an intruding criminal. It seems to me that the sentencing court had a solid factual basis for doing what it did and adequately explained its reasons.

---

[2] The court remarked:

"So even if it's not a specific aggravating factor about permanent injury to the victim, I believe in these types of burglaries, particularly when you're asleep and it's a cat burglary type of situation, that the injury — the emotional psychological injury to the victims is such as to warrant an aggravation finding."