Submitted on appellant's petition for reconsideration filed July 14, reconsideration allowed; former decision (113 Or App 474, 832 P2d 1278) withdrawn; reversed and remanded for new trial November 25, 1992

STATE OF OREGON,
*Respondent,*

*v.*

KELLY RENE DOW,
*Appellant.*

(901861M; CA A71455)

842 P2d 430

Garrett A. Richardson, Multnomah Defenders, Portland, for petition.

Before Rossman, Presiding Judge, and Edmonds and De Muniz, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals his conviction for driving while suspended. ORS 811.182. He contends that the court erred in denying his motion to suppress the evidence that his license was suspended on the grounds that the officer lacked authority to detain him. We affirmed without opinion. *State v. Dow*, 113 Or App 474, 832 P2d 1278 (1992). Defendant filed a petition for review, which we treat as a petition for reconsideration. ORAP 9.15. We withdraw our decision and reverse.

In December, 1990, a City of Grants Pass police officer saw Duane Harpe standing next to a parked car. The officer recognized Harpe and the car, because both had been involved in a hit and run investigation in which the officer had participated. At the time of that investigation, it was determined that Harpe and his brother had purchased the car but had not registered it as required by ORS 803.220. After seeing Harpe and the car, the officer did a record check that indicated that the car was still registered to the previous owner and that Harpe's driver's license was suspended. After the car entered the traveled portion of the street, the officer stopped it. He approached the car in which the Harpe brothers were passengers and asked defendant, the driver, for his license. Defendant gave his license to the officer, and the officer then discussed with the occupants about who owned the car. He determined that the Harpe brothers still owned it. Subsequently, he did a record check on defendant's California driver's license and learned that it was suspended in Oregon.[1] He issued defendant a citation for driving while suspended, which resulted in this conviction.

Defendant argues that, because the officer's sole reason for making the stop was his investigation of the status of the car's registration, the authority to detain him while he ran a record check on his license dissipated once the officer determined that the Harpe brothers were still the owners of the car. The state argues that the detention of defendant was

---

[1] The officer testified during the suppression hearing that it was his customary practice to "run the driver's license of the person I'm stopping who is driving the vehicle, immediately, as basically a safety precaution." There is no evidence in this case that the retention of defendant's driver's license was necessary for the officer's safety.

authorized by ORS 810.410(3)(b) and ORS 807.570(1)(b)(A) and that the officer had probable cause to believe that *defendant* had failed to notify the Motor Vehicles Division of a change in registration. ORS 810.410(3)(b) provides that an officer

"[m]ay stop and detain a person for a traffic infraction for the purpose of investigation reasonably related to the traffic infraction, identification and issuance of citation."

ORS 807.570(1)(b)(A) requires that a driver lawfully detained present his driver's license on request by an officer.

In *State v. Porter*, 312 Or 112, 817 P2d 1306 (1991), the court held that the authority to detain a stopped person under ORS 810.410(3)(b) ends when the reason for the stop no longer exists. It said:

"The words of ORS 810.410(3)(b) reflect that intent by requiring that any investigation be 'reasonably related to the traffic infraction, identification and issuance of citation.' ORS 810.410(3) defines the authority of the police to respond to a traffic infraction; by implication, the statute proscribes any further action by the police, including a search, unless it has some basis other than the traffic infraction." 312 Or at 119-20.

The officer stopped the car for a suspected violation of ORS 803.300.[2] Once he had determined that the Harpe brothers, and not defendant, were the owners of the car, he had all the evidence needed to issue a citation under ORS 803.300. Thereafter, the officer had no authority under ORS 810.410(3)(b) or ORS 807.570(1)(b)(A) to retain defendant's license for the purpose of making a records check on its status without any other basis on which to detain defendant. *State v. Bucholz*, 114 Or App 624, 836 P2d 180 (1992). The trial court erred when it denied defendant's motion to suppress the evidence that was derived from the retention of his driver's license.[3]

---

[2] ORS 803.300 provides:

"(1) A person commits the offense of failure to register a vehicle if the person owns a vehicle in this state and the person does not register the vehicle in this state."

[3] The state argues, citing *Ball v. Gladden*, 250 Or 443, 487 P2d 621 (1968), that we are bound by the trial court's implicit findings that the officer did not know who owned the car at the time of the stop or when he asked defendant for his driver's

Reconsideration allowed; former decision withdrawn; reversed and remanded for a new trial.

---

license and that, under *State v. Panko*, 101 Or App 6, 788 P2d 1026 (1990), it was reasonable for the officer to suspect that defendant was also the owner of the car. The officer's testimony was inconsistent with that argument. He testified that he had determined that the Harpe brothers were the owners before he made the record check on defendant's license.