Argued and submitted September 30, sentence of theft-related burglary vacated and
remanded for resentencing; otherwise affirmed December 2, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES EDWARD TAYLOR,
*Appellant.*

## (CR91-121A; CA A71460)

842 P2d 460

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant was convicted, after a jury trial, of arson in the first degree, ORS 164.325, 2 counts of burglary in the first degree, ORS 164.225, and theft in the first degree. ORS 164.055. On appeal, he makes two assignments of error. First, he argues that the trial court erred in not suppressing evidence seized from his car. Second, he asserts that the trial court erred by imposing a 130-day sentence for the theft-related burglary conviction. We remand for resentencing.

The trial court made findings: In March, 1991, defendant and a passenger were driving on Third Street in Yamhill at approximately 10:15 p.m. A police officer stopped the car when defendant failed to signal for a turn. During the course of the stop, the officer determined that defendant's driver's license was suspended. He also saw two-way radio equipment[1] on the back seat, two black boxes under the equipment and a bulky pillowcase with "a lot of little jagged edges sticking out" underneath the passenger's legs in the front seat.

The officer knew that burglars frequently use pillowcases to collect stolen articles while inside a victim's house. He also knew that similar radio equipment had been used in a recent armed robbery and burglary in the Yamhill area and that the crime had been committed by more than one person. He asked defendant about the pillowcase, and defendant said it was "personal and he could not tell." When questioned further, defendant said it was "women's underwear and things." That explanation was inconsistent with the appearance of the pillowcase. He asked defendant and the passenger what they were doing on Third Street. They said that they were there to see a man named Rich. The officer knew about a person named Rich who lived on Third Street, who was a convicted burglar and drug dealer and a suspect in the armed robbery and burglary.

The officer requested back-up over the radio. While he was waiting for it to arrive, he asked defendant about the radio headsets and the black boxes. Defendant explained that

---

[1] The officer described the equipment as "two sets of headphones, like a two-way radio type that had the microphone that comes in front of the mouth, and two antennas, one to transmit and one to receive."

the headsets were for "stereo headphones." The officer knew that the headsets were for two-way radios and were not stereo headphones. Defendant then grabbed one of the boxes to show the officer that it was empty. In so doing, defendant exposed an open bottle of brandy, which the officer saw. The officer testified:

> "At this point, I felt that I had a burglary that just occurred. I had the open container with the two-way radios, the pillowcase with the jagged edges in it that didn't match up with what he told me it was. He told me the headsets were stereo. They weren't. At this point, I felt I had probable cause to search the car for more alcohol and fruits of a crime."

The officer seized the pillowcase, searched it and found an armored car-type money bag. In addition, he found jewels that had names on them, none of which were defendant's or his passenger's. Defendant was subsequently arrested and charged.[2]

Defendant argues that, in the light of *State v. Porter*, 312 Or 112, 817 P2d 1306 (1991), the trial court erred in denying his motion to suppress, because the officer exceeded the scope of his authority when he detained defendant for a traffic violation for longer than was necessary to complete that investigation. The state argues that the officer acquired probable cause to search the pillowcase as the contact with defendant continued. We are bound by the historical findings made by the trial court, if there is evidence to support them, and we review for errors of law. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968).

There is evidence to support the trial court's findings. Defendant is correct that ORS 810.410(3)(b)[3] does not

---

[2] Defendant was not arrested at the time of the search. After the officer seized the pillowcase and its contents, he was allowed to leave. He was convicted of arson and arson-related burglary because, after the search and seizure, he returned to the residence that he had previously entered and set it on fire in an attempt to destroy evidence of the original burglary.

[3] ORS 810.410(3) provides:

"A police officer:

"* * * * *

"(b) May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

authorize the detention of a person for a traffic infraction for longer than is reasonably necessary to conduct the investigation of that offense. *See State v. Dow*, 116 Or App 542, 842 P2d 430 (1992). In *State v. Porter, supra*, 312 Or at 121, the court held that an officer is not permitted to search for additional open containers of alcoholic beverages once there is evidence of an open container. Here, unlike in *Porter*, the observations of the radio equipment and the pillowcase during the traffic stop justified further inquiry in the light of the officer's previous information. Based on the information and his observations, the officer had a reasonable suspicion that defendant had committed a crime. ORS 131.615.[4] When the officer discovered the connection between defendant and a convicted burglar who was suspected of using similar radio equipment in a recent crime in the area, his suspicion escalated into probable cause to search the pillowcase for the fruits of a burglary. *State v. Anfield*, 313 Or 554, 561, 836 P2d 1337 (1992). No search warrant was required, because defendant's car was mobile at the time of the stop. The trial court did not err when it denied defendant's motion to suppress. *See State v. Brown*, 301 Or 268, 721 P2d 1357 (1986).

■     Defendant also assigns as error that portion of the judgment that imposed a sentence of 130 days incarceration for his theft-related burglary conviction. The written judgment provides for a sentence of 40 months on the arson conviction as the primary sentence; 130 days on the arson-related burglary, to be served *concurrently* with the arson sentence; 130 days on the theft-related burglary, to be served *consecutively* to the arson sentence; and 90 days for the theft conviction, to be served *concurrently* with the theft-related burglary. At the time of sentencing, defendant had already served 130 days in the county jail. The trial court's written

---

[4] ORS 131.615 provides:

"(1)  A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonably inquiry.

"(2)  The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3)  The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

order[5] provided for credit for time served on the arson conviction, leaving 37 months on the arson conviction and 130 days on the theft-related burglary conviction still to be served.

Defendant argues that, because the theft-related burglary conviction runs consecutively to the arson sentence, it must be served in prison, OAR 253-12-020(2)(d), and that the maximum term of incarceration pursuant to OAR 253-05-007 and OAR 253-04-001(2) is 90 days. The state argues that the 130-day sentence was in fact a departure sentence and, pursuant to *State v. Orsi/Gauthier*, 108 Or App 176, 813 P2d 82 (1991), and *State v. Drake*, 113 Or App 16, 832 P2d 44 (1992), the defendant must have objected during the sentencing in order to preserve a claim of error. Although the state did request a departure sentence for the arson conviction, the trial court made no findings on the record, pursuant to OAR 253-08-001, of "substantial and compelling reasons for a departure" regarding the theft-related burglary. *See State v. Wilson*, 111 Or App 147, 152, 826 P2d 1010 (1992). We conclude that the 130-day sentence on the theft-related burglary was not intended by the trial court to be a departure sentence.

The state also argues that defendant should not be allowed "to complain about any aspect of a sentence that he not only requested and [sic] but also welcomed, even if the sentence is somehow in error." During the sentencing proceeding, the prosecutor informed the court that the maximum incarceration for the theft-related burglary was 180 days. Defendant apparently assumed that the prosecutor's statement of the maximum incarceration was correct and sought a 180-day sentence, less credit for time served, on the theft-related burglary. The court's oral sentence reflected defendant's request. We will assume, arguendo, that defendant consented to the sentence.

---

[5] The written judgment is inconsistent with the trial court's oral sentence in several respects. The oral sentence was (1) 40 months on the arson conviction as the primary sentence, (2) 180 days on the arson related burglary, to be served *concurrently* to the arson sentence, (3) 130 days on the theft-related burglary, to be served *consecutively* to the arson sentence, but with credit for time served and (4) 130 days for the theft conviction, to be served *concurrently* with the theft related burglary. Defendant did not seek to amend the judgment and does not assign the changes as error. We are bound by the trial court's written order. *State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974).

In *State v. Marsh*, 78 Or App 290, 716 P2d 261 (1986), the state argued that the defendant had agreed to a sentence that exceeded statutory provisions and should be bound by that agreement. We held that, when the trial court's authority to impose a sentence is limited by statute, it may not exceed the limitations of the statute, regardless of a defendant's consent to the sentence. *See also State v. Holliday*, 110 Or App 426, 431, 824 P2d 1148 (1992). On the theft-related burglary conviction, the maximum term of incarceration is 90 days. Because the court exceeded its authority in sentencing defendant to 130 days, defendant is entitled to resentencing notwithstanding his purported consent.

Sentence on theft-related burglary vacated and remanded for resentencing; otherwise affirmed.