Argued and submitted December 30, 1992, reversed and remanded May 19, reconsideration denied August 11, petition for review denied August 24, 1993 (317 Or 486)

STATE OF OREGON,
*Appellant,*

*v.*

KENNETH DARYL HATHAWAY,
*Respondent.*

(CR91-121; CA A73390)

852 P2d 967

Ann Kelley, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David Degner, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

Warren, P. J., dissenting.

## PER CURIAM

This is a companion case to *State v. Taylor*, 116 Or App 647, 842 P2d 460 (1992), *mod* 119 Or App 209, 850 P2d 1118 (1993). The trial court adopted the findings of fact made by the trial court in *State v. Taylor, supra*, added additional findings, and granted defendant's motion to suppress under *State v. Porter*, 312 Or 112, 817 P2d 1306 (1991). In *Taylor*, we said that *Porter* did not control, because the search of a pillowcase was not based on a traffic stop, but on the officer's observations of the contents of the vehicle in the light of other information of which he was aware. We held that the officer had a reasonable suspicion that criminal activity had occurred, which escalated into probable cause as the result of the answers given by the occupants of the car.

Although in this case the evidentiary record differs as to whether the officer recognized the pillowcase as a pillowcase when he first saw it, that difference does not affect the result. As we held in *Taylor*:

> "Even if the court could not make that inference [that when the officer first saw the pillowcase, he recognized it as a pillowcase], it is apparent from the description given by the officer that the pillowcase was some type of bag that contained objects in it that had jagged edges. In the light of that observation and the other information that he had before he asked what was in the pillowcase, he had reasonable suspicion that justified his asking more questions." 119 Or App at 213.

The trial court should not have granted the motion to suppress.

Reversed and remanded.

**WARREN, P. J.,** dissenting.

The evidentiary record in this case includes the entire record of its companion case, *State v. Taylor*, 116 Or App 647, 842 P2d 460 (1992), *mod* 119 Or App 209, 850 P2d 1118 (1993). It also includes additional testimony by the officer who stopped the vehicle in which defendant was a passenger:

"Q  The blanket—tell me about the blanket?

"A  The blanket was wrapped around the pillow case. Parts

of the pillow case was [*sic*] visible there. And the blanket didn't completely cover the pillow case, one corner basically of the pillow case was showing.

"Q   What did you see of the pillow case that—

"A   Had a design on it, just reminded me of a pillow case, like orange flowers fringed on it.

"Q   Flower print. Okay. *Could you tell actually it was a pillow case, could it have been a sheet?*

"A   Could have been anything.

"Q   *You didn't say conclusively that is a pillow case when you saw it?*

"A   No, I didn't." (Emphasis supplied.)

On cross-examination, the officer testified:

"Q   You didn't know it was a pillow case until you actually got it there?

"A   Correct.

"Q   And got inside in the search?

"A   Correct."

The officer did not identify the pillowcase at defendant's feet as a pillowcase before he made inquiries unrelated to the traffic stop. Reasonable suspicion that a crime has been committed is required before the officer is justified in asking further questions. As I said in my dissent on reconsideration in *State v. Taylor*:

"There was * * * no recent reported robbery or burglary to connect to defendant. The observation of two-way radio equipment that fits in a category of equipment that has been commonly used in burglaries combined with the observation of a bulky rounded thing with jagged edges does not give rise to reasonable suspicion that a crime has been committed." 119 Or App at 216.

Respectfully, I dissent.