Argued and submitted May 20 (A65835), and May 24 (A63915), affirmed
July 3, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## STEPHEN VINCENT ORSI,
*Appellant.*

(901643; CA A65835)

## STATE OF OREGON,
*Respondent,*

*v.*

## ARTHUR DONALT GAUTHIER,
*Appellant.*

(89CR-2601, 89CR-2844; CA A63915)
(Consolidated for Opinion)

813 P2d 82

Steven R. Swenson, Newport, argued the cause for appellant Stephen Vincent Orsi. With him on the brief was the Law Offices of Robert W. Connell, Newport.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon (A65835). With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant Arthur Donalt Gauthier. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon (A63915). With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

In these two appeals, consolidated for opinion, defendants challenge departure sentences imposed under the sentencing guidelines. ORS 137.010; OAR chapter 253. In *State v. Orsi,* defendant pled guilty to one count of criminal mischief, ORS 164.635, and was sentenced to 24 months probation. The trial court also imposed a departure sentence of 180 custody units, instead of the presumptive sentence of 90 units. OAR 253-08-006(1). In *State v. Gauthier,* defendant pled guilty to two counts of burglary, ORS 164.225, and was sentenced to a departure sentence of 48 months imprisonment, twice the presumptive sentence under the guidelines. We affirm.

Under the sentencing guidelines, a trial court must impose the presumptive sentence provided by the guidelines unless "the judge finds substantial and compelling reasons to impose a departure," which must be stated "on the record at the time of sentencing * * *." OAR 253-08-001. The scope of review of a departure sentence

"shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure from the sentence prescribed by the rules of the State Sentencing Guidelines Board:

"(a)  Are supported by the evidence in the record; and

"(b)  Constitute substantial and compelling reasons for departure." ORS 138.222(3).

The trial court in *Orsi* stated that the departure sentence was imposed in order that defendant, who suffers from a manic-depressive condition, could undergo a mental health treatment program. In *Gauthier,* the trial court imposed a departure because of defendant's "ongoing involvement" in similar crimes; because the victim of another of his crimes had lost over $1,300 in property that had not been recovered; and because the victim came home during the burglary, which created the "possibility of harm." Neither defendant objected at sentencing to imposition of a departure sentence. On appeal, neither claims that the evidence did not support the court's finding, but each claims that the departure sentence is not justified by "substantial and compelling" reasons.

■ The state argues that defendants failed to preserve any alleged error. We agree. Before the 1989 enactment of sentencing guidelines, the scope of review of an appeal from a sentence after a plea of guilty was limited to a challenge that the sentence exceeded the maximum allowable by law or was unconstitutionally cruel and unusual. ORS 138.050(3). Whatever change ORS 138.222 makes in the scope of review in guideline cases, it did not change the fundamental requirement that a defendant must preserve a claim of error. ORAP 5.45(2); *State v. King,* 307 Or 332, 768 P2d 391 (1989); *Tarwater v. Cupp,* 304 Or 639, 748 P2d 125 (1988).

■ The argument that the court's reasons for departure are not "substantial and compelling" is not an error of law that may be reviewed as "apparent on the face of the record." ORAP 5.45(2); *see State v. Brown,* 310 Or 347, 800 P2d 259 (1990); *cf State v. Montgomery,* 106 Or App 150, 806 P2d 183 (1991) (question of authority of sentencing court to order car to be sold is apparent on the face of the record and could be considered notwithstanding a failure to object).

■ Imposition of a departure sentence is a discretionary determination by the sentencing court. OAR 253-02-001(3)(d). The sentencing court has the discretion to decide to depart on the basis of mitigating or aggravating factors other than those set out in OAR 253-08-002. That rule provides a "nonexclusive" list of mitigating and aggravating factors. If a defendant does not agree that the sentencing court's reasons are substantial and compelling, it is incumbent on him to indicate the basis of his objection. Without an objection, the sentencing court is not put on notice that its explanation or analysis may be flawed, and no error is preserved.

Affirmed.