Argued and submitted August 30, affirmed October 30, reconsideration denied December 11, 1991, petition for review denied January 21, 1992 (312 Or 588)

# STATE OF OREGON,
*Respondent,*

*v.*

# LARRY GENE HAYS,
*Appellant.*

## (CC90-1063; CA A65288)

820 P2d 39

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Defendant pled guilty to sodomy in the first degree, ORS 163.405, and was sentenced under the sentencing guidelines to 50 months in prison, a downward departure of 8 months from the presumptive sentence. He appeals from that sentence, claiming that it constitutes cruel and unusual punishment.

Appellate review is precluded by ORS 138.222(2)(d), which provides that there is no review of "[a]ny sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." In this case, defendant signed a plea agreement that provided for a 50 month sentence, and the prosecutor explained that agreement to the sentencing court. Defense counsel made a statement in support of the downward departure, and the court imposed the sentence after finding that defendant's cooperation with the prosecution was a mitigating factor. *See* OAR 253-07-005(3).

Although ORS 138.222(4)(a) permits appellate review of a claim that the sentencing court failed to comply with requirements of law in imposing a sentence, defendant does not claim that here. His only argument is that the sentence is "cruel, unusual and excessive." He did not object at the sentencing hearing and presented no reasons to the sentencing court why the downward departure was cruel or excessive. There is nothing to review. *See State v. Cook,* 108 Or App 576, 816 P2d 697 (1991); *State v. Orsi/Gauthier,* 108 Or App 176, 813 P2d 82 (1991).

Affirmed.