Argued and submitted July 24, 1991, conviction affirmed and remanded for resentencing February 12, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# NATHANIEL J. WILSON,
*Appellant.*

## (C89-11-36661; CA A65499)

826 P2d 1010

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

### JOSEPH, C. J.

Defendant pleaded guilty to promoting prostitution. ORS 167.012. Under grid block 8 C, his presumptive guideline sentence was a range of 29 to 34 months of incarceration. The sentencing court found aggravating factors and imposed an upward departure of 60 months imprisonment. Defendant challenges his sentence, arguing that the aggravating factors relied on by the court were not substantial and compelling reasons for a departure. We remand for resentencing.

■■ For any felony committed on or after November 1, 1989, the maximum sentence that can be imposed must be in accordance with the rules adopted by the Sentencing Guidelines Board. ORS 137.010; ORS 137.080(2). A presumptive sentence must be imposed, subject to judicial discretion to deviate for substantial and compelling reasons. OAR 253-08-001. Review of a so-called ''departure sentence'' is subject to ORS 138.222(3):

> "In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board, sentence review shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure from the sentence prescribed by the rules of the State Sentencing Guidelines Board:
>
> "(a) Are supported by the evidence in the record; and
>
> "(b) Constitute substantial and compelling reasons for departure."

■ Under that provision, our review is of the sentencing court's factual basis and reasons for the departure, not the decision *whether* to depart. *State v. Orsi/Gauthier*, 108 Or App 176, 813 P2d 82 (1991).[1] Neither the statute nor the rules define ''substantial and compelling.''[2] However, a departure must further the purposes of the guidelines. OAR

---

[1] Because the defendants in *Orsi/Gauthier* had not preserved their claim of error, we did not address their arguments regarding the scope of review under ORS 138.222(3). The state has incorporated by reference its argument from that case.

[2] The commentary to OAR 253-08-002 notes that

"legislation implicitly left the initial definition [of substantial and compelling] to these rules by directing the Council to design the guidelines to implement both dispositional policies and terms of incarceration. Further refinements of the departure standard can be expected through future amendments to these rules, statutory definitions and decisions of Oregon's appellate courts.

253-08-003. These purposes are primarily to punish offenders appropriately and to ensure the security of the public. Or Laws 1987, ch 619, § 2; OAR 253-02-001.[3] The premise underlying the guidelines is that the grid block sentence presumptively accomplishes the purposes. *See* OAR 253-02-001(2). It follows that substantial and compelling reasons must be exceptional circumstances that overcome that presumption.

■ To assist sentencing courts in determining whether substantial and compelling reasons exist, OAR 253-08-002(1) provides a list of aggravating and mitigating factors:

> "Subject to the provisions of sections (2) and (3) of this rule, the following *nonexclusive* list of mitigating and aggravating factors *may be considered* in determining whether substantial and compelling reasons for a departure exist * * *." (Emphasis supplied.)

The examples in the commentary to the rule show that the factors permit consideration of the circumstances of a particular crime, which might be different from what was envisioned by the legislature when it established the presumptive sentence for that crime. If the court relies on a factor listed in OAR-253-08-002(1), its reasons for applying the rule must

"To provide a starting definition of the 'substantial and compelling reasons,' the Guidelines Board first determined that the term embraced what are otherwise commonly described as 'aggravating' or 'mitigating' factors. To identify the specific facts that may constitute substantial and compelling reasons for departure, the Guidelines Board considered provisions of the Minnesota and Washington guidelines, the Oregon Parole Matrix, and the statutes of Oregon and other states.

"After surveying the aggravating and mitigating factors used in these other systems, the Council recommended a list of aggravating and mitigating factors to the Guidelines Board. From this list, the Guidelines Board adopted the nonexclusive factors set forth in this rule. Sentencing judges may cite a factor not listed in this rule as grounds for a departure if that fact makes the case exceptional for sentencing purposes." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 127 (1989).

[3] Or Laws 1987, ch 619, § 6(1):

"The court may impose a sentence outside the presumptive sentence * * * if it finds, considering the purposes of this 1987 Act, there are substantial and compelling reasons justifying a deviation [departure] from the presumptive sentence."

Those purposes set out in the enactment, § 2(2), are very broad. They have been restated in OAR 253-02-001.

show that the case before it involves that sort of circumstance. The court must provide the same kind of explanation if it relies on factors not expressed in OAR 253-08-002.[4]

■    Under ORS 138.222(3)(b), we review whether the *reasons* given by the court are appropriate. That review is limited to whether the reasons are substantial and compelling. That is, we review the explanation of why the circumstances are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. If the explanation does not demonstrate that, we must remand for resentencing. ORS 138.222(5). If it does, we will not disturb the trial court's exercise of discretion.

■    Our conclusion is consistent with the legislative history of ORS 138.222(3). Senator Springer provided a summary statement, which is relied on in the commentary to OAR 253-08-001. Review of "substantial and compelling" is to be comprised of:

"1)   The Evidentiary Test:   Are the facts stated by the sentencing judge in justification of the departure supported by the record?

"2)   The Law Test:   Are the reasons stated on the record for the departure adequate to justify a sentence outside the standard range (*e.g.* [*sic*], are they consistent with the purposes of the sentencing guidelines rules)?" Commentary, *Oregon Sentencing Guidelines Implementation Manual* 124 (1989).[5]

■    Defendant does not challenge the facts found by the court. He argues only that the aggravating factors relied on

---

[4] The use of the plural "factors" does not imply that more than one factor must be found in order to justify a departure.

[5] Washington and Minnesota guidelines sentencing appellate decisions function as guidance in interpreting the Oregon provision. Washington courts review to determine whether the sentencing court relied on criteria that are either listed in the guidelines or are consistent with the purposes underlying the guidelines and whether, as a matter of law, those factors justify the imposition of a departure. *State v. McAlpin*, 108 Wn 2d 458, 740 P2d 824 (1987); *State v. Nordby*, 106 Wn 2d 514, 723 P2d 1117 (1986); *State v. Davis*, 53 Wash App 306, 766 P2d 1120 (1989).

In Minnesota, a "[d]eparture must be based solely on the presence of appropriate and [record] supported mitigating or aggravating factors rising to the level of 'substantial or compelling circumstances.'" *State v. Pierson*, 368 NW2d 427, 434 (Minn App 1985). If the trial court record supports the reasons that are stated as grounds for a departure, it will be upheld. *Williams v. State*, 361 NW2d 840 (Minn 1985).

are not substantial and compelling reasons for the departure sentence. The court found 6 aggravating factors. Five are specified in OAR 253-08-002(1). It is for the trial court in the first instance to delineate and explain its reasons for a departure, including whether it is based on a single factor or a combination of factors. Because we determine that the court's explanation of 3 of the combined factors does not demonstrate why the circumstances are exceptional and we cannot tell what sentence the court would have imposed had it found fewer than the 6 factors, we remand for resentencing.

■ The court found that the victim was vulnerable "because of her age." OAR 253-08-002(1)(b)(B) requires "*particular* vulnerability" (emphasis supplied) of the victim due to "extreme youth."[6] The court did not explain why the victim's age, 18, satisfies that criterion or is otherwise an exceptional circumstance. If the state is correct in its assertion that the court was also considering her 2-year involvement with defendant, that does not appear in the record. We will not speculate about the actual, unexpressed basis for a sentencing court's reasons.

■ ■ The court also found the aggravating factor of OAR 253-08-002(1)(b)(I): "The offense resulted in a permanent injury to the victim." The court's explanation does not apply the factor to the facts. There is nothing that shows why or how *this* victim was injured. The court gave a general statement of the injury that results to juveniles, their families and society when juveniles are involved in prostitution. Even though the statement may be correct sociology, reliance on the injury factor for a departure must relate to the individual victim. As the commentary explains:

> "This aggravating factor is particularly appropriate when the victim's injury is clearly debilitating and incapacitates the victim for a considerable period of time. The victim's injury should significantly hinder the victim's efforts to pursue his or her prior lifestyle." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 131 (1989).

■ ■ We agree with the trial court that the aggravating factor of OAR 253-08-002(1)(b)(C), threat of violence toward

---

[6] Defendant has made no argument on appeal that the court erred in considering as aggravating factors elements of compelling prostitution. ORS 167.017.

the victim, showed exceptional circumstances. Not only defendant, but also a third party acting for defendant, had threatened the victim if she did not return to prostitution.[7]

■　　　We also conclude that the court's reasons for applying the factors of persistent involvement in similar offenses, OAR 253-08-002(1)(b)(D), and multiple victims or incidents, OAR 253-08-002(1)(b)(G), were founded on exceptional circumstances. Defendant was convicted of promoting prostitution in November, 1989. He does not contend that his previous involvement was already reflected in his criminal history. The presumptive sentence would not reflect the extent of his involvement in promoting prostitution. The court relied on defendant's own admission that he had promoted prostitution by two other minor females and had long been involved in promoting prostitution in at least two states.

■　　　The court found a sixth "aggravating" factor not specified in OAR 253-08-002. It stated that, so long as defendant remained free in the community, he would continue to bring juveniles into prostitution. The statement does not present an exceptional circumstance, even though it may, as a prediction, be an appropriate summation of why the presumptive sentence in this instance would not accomplish the purpose of the guidelines of protecting the security of the public. OAR 253-02-001.

Conviction affirmed; remanded for resentencing.

---

[7] The commentary appears to limit that factor only to situations when violence is used toward a witness or victim in order to avoid prosecution:

"[OAR 253-08-002(1)(b)(C)] applies when the offender seeks to avoid prosecution by threatening or harming a witness or the victim. This factor is properly cited as grounds for a departure when the sentencing court determines that the offender threatened or actually caused physical harm to the victim or any other witness as a means to keep the individual from testifying or to force the individual to commit perjury." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 130 (1989).

The commentary ignores the clear language of the rule. We conclude that the commentary was intended to demonstrate that, in some situations, the factor could apply to a defendant's conduct subsequent to the crime.