Argued and submitted September 9, 1991, convictions affirmed; remanded for
resentencing April 22, 1992

## STATE OF OREGON,
*Appellant,*

*v.*

## CHARLES MICHAEL HOPKINS,
*Respondent.*

## (C 90-05-32815; CA A67431)

829 P2d 97

Jonathan H. Fussner, Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief were
Dave Frohnmayer, Attorney General, and Virginia L. Linder,
Solicitor General, Salem.

John Cosgrave, Portland, argued the cause and filed the
brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds,
Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted by a jury on one count of burglary in the first degree and two counts of assault in the fourth degree. The sentencing court imposed a downward durational departure, and the state appeals. We remand for resentencing.

Defendant, the victim's former boyfriend, went to a trailer where the victim and her mother were staying. They let him in but, when he became abusive, they ordered him to leave. He refused and assaulted them. On the burglary conviction, defendant is in grid block 9 C, with a presumptive sentence of 56 to 60 months, on the basis of crime seriousness and criminal history. OAR ch 253, App 2. The presentence investigation report recommended a sentence of 60 months on the burglary charge and 6 months on each of the assault charges, all to run consecutively. The court sentenced defendant to 36 months incarceration on the burglary conviction and 6 months on each of the assault convictions, all to run concurrently. We have jurisdiction to review a downward departure under ORS 138.060(5) and ORS 138.222(7).[1]

■■ As we held in *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992), our review of a departure sentence under ORS 138.222 is for whether the reasons supporting the departure are substantial and compelling. The record of the sentencing proceeding here consists of a colloquy in which the court noted defendant's voluntary intoxication, the fact that the incident arose from a domestic dispute and that it was not a common law burglary.

---

[1] ORS 138.060 provides, in part:

"The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"* * * * *

"(5) A judgment of conviction based on the sentence as provided in ORS 138.222."

ORS 138.222(7) provides:

"Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of Appeals subject to the limitations of this 1989 Act."

Defendant does not make any constitutional arguments.

The sentencing court gave no explanation why those circumstances were so exceptional that the imposition of the presumptive sentence would not accomplish the purposes of the guidelines. *See State v. Wilson, supra*, 111 Or App at 151; OAR 253-08-001. Accordingly, we remand for resentencing.

Convictions affirmed; remanded for resentencing.