Argued and submitted October 28, 1992, remanded for resentencing in part; otherwise affirmed March 31, 1993

STATE OF OREGON,
*Respondent,*

*v.*

STEVEN WILLIAM NELSON,
*Appellant.*

(90-03-31533, 90-05-32704, 90-07-33958, 90-07-34073;
CA A71231 (Control), A71232, A71233, A71234)
(Cases Consolidated)

849 P2d 1147

James N. Varner, Deputy Public Defender, Salem, argued the case for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendant was convicted of 15 criminal charges in four separate proceedings. He was sentenced at one proceeding.[1] We remand for resentencing.

In trial court case number 90-03-31533, defendant was found guilty of unauthorized use of a vehicle (UUMV), driving under the influence of intoxicants, and misdemeanor driving while suspended (MDWS). ORS 164.135; ORS 813.010; ORS 811.175. All three charges arose from defendant's operation of a motor vehicle on March 12, 1990. The court ordered that the sentence for the MDWS be served consecutively to the sentence for the DUII conviction. Defendant argues that the court erred in imposing a consecutive sentence, because it did not make the findings required under ORS 137.123(4). The state concedes that the charges all arose from a continuous, uninterrupted course of conduct and that the case must be remanded for the court to make the necessary findings if it determines to impose consecutive sentences. *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991).

In Case No. 90-05-32704, defendant was found guilty of four counts of UUMV, two counts of theft in the first degree, two counts of MDWS and one count of possession of a stolen motor vehicle. ORS 164.135; ORS 164.055; ORS 811.175; ORS 819.300. On the convictions that were subject to the sentencing guidelines, the court imposed dispositional departures on two counts of UUMV, presumptive prison terms on the other two counts of UUMV, a presumptive term of probation on the possession of a stolen vehicle conviction and presumptive prison terms on the theft convictions. The court ordered that the sentences be served consecutively to the dispositional departure that the court imposed on the first count of UUMV.

■ Defendant first argues that two of the aggravating factors relied on by the trial court in imposing departure sentences on two of the UUMV convictions are not included in the factors listed in OAR 253-08-002 and do not provide justification for the departures. OAR 253-08-001. The first factor that defendant challenges is that he committed the

---

[1] Defendant makes no assignment of error in Case No. 90-07-33958, in which he was found guilty of delivery and possession of a controlled substance.

offenses while on release in another case. In *State v. Mitchell*, 113 Or App 632, 833 P2d 1324 (1992), and *State v. Hill*, 112 Or App 213, 827 P2d 951 (1992), we held that a defendant's failure to be deterred from committing crimes while on probation or release demonstrates a substantial and compelling reason to depart. The court did not err in relying on that factor here.

■      Defendant next argues that the court erred in relying on his failure to appear four times in this case. We have held that crimes committed to evade criminal sanctions may be considered in deciding whether to impose a departure sentence. *See State v. Cornelius*, 112 Or App 98, 827 P2d 937, *rev den* 314 Or 176 (1992). The court did not err in considering defendant's conduct in attempting to evade prosecution by not appearing.

■      Defendant also challenges the court's reliance on defendant's "persistent involvement in similar offenses." OAR 253-08-002(1)(b)(D). He argues that the PSI shows only one prior conviction for UUMV and that sentencing on all of the other charges of UUMV occurred at this same proceeding and, therefore, cannot be used to show persistent involvement in UUMV.

OAR 253-08-002(1)(b)(D) provides:

"Persistent involvement in similar offenses or repetitive assaults. This factor may be cited when consecutive sentences are imposed only if the persistent involvement in similar offenses or repetitive assaults is unrelated to the current offense."

We have held that the factor cannot be applied if there is only one prior similar conviction. *State v. Rodriquez*, 113 Or App 696, 833 P2d 1343 (1992); *State v. Clark*, 113 Or App 692, 833 P2d 1341 (1992). Further, the rule requires that the similar offenses must be unrelated to the current offense. However, neither our decisions nor the rule preclude the court from considering all similar offenses that are being sentenced at the same proceeding, if they are unrelated to the offense for which a sentence is being imposed.

■      In Case No. 90-05-32704, all of the UUMV counts were, in the prosecutor's words, "hopelessly intertwined." Thus, because they were related to the current offense, under

the rule, they could not be used to support a finding of persistent involvement. However, defendant was also being sentenced in the same proceeding for two other counts of UUMV in two other cases that were not related to the current offense. Those convictions could be used to support a finding of persistent involvement and, therefore, the trial court did not err in relying on that factor.

■     Defendant also argues that, under OAR 253-08-002 (1)(b)(D), persistent involvement may not support the imposition of both departure and consecutive sentences. Defendant is correct that the court must use different aggravating factors to support each variance from the presumptive sentence. Here, however, persistent involvement was used only to support the departures and not the consecutive sentences.

■     Defendant also argues that the court erred in relying on OAR 253-08-002(1)(b)(J), that the degree of harm was greater than typical for the offense, because OAR 253-08-002(2) precludes use of an element of the crime as an aggravating factor.[2] He contends that the amount of the loss in the UUMV cases is already taken into account in ranking the crime on the Crime Seriousness Scale. The state acknowledges that the value of the vehicle is an element by which the crime of UUMV is ranked on the scale. It argues, however, that the vehicles here were damaged and that theft of a car of a particular value does not encompass damage to a vehicle and is not an element of UUMV. The state contends that, in determining whether to impose a departure sentence, recognizing damage does not necessarily duplicate a factor already accounted for by the presumptive sentences and, therefore, that the rule was not violated.

We agree with the state's reasoning. However, we are unable to determine whether the trial court was referring to the value of the vehicles, damages, or a combination of the two when it concluded that there was a "substantial loss to

---

[2] OAR 253-08-002(2) provides:

"If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the Crime Seriousness Scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

the victims involved * * * in excess of $5,000 damages." The evidence showed that the damage to the vehicles was under $2,000. On resentencing, the court should determine whether the damages, apart from the value, were significantly greater than is typical for the offense of UUMV.[3]

■ In Case No. 90-07-34073, defendant assigns error to the court's imposition of a departure sentence for his UUMV conviction. He argues that the reasons for departure relied on by the trial court were inadequate. The court gave five reasons for departure: multiple incidents, criminal history, the seriousness of the offense, defendant's failure to appear and the fact that the offenses were committed while defendant was on release. As discussed above, the last two factors are appropriate considerations. However, it was not proper for the court to base the departure on defendant's criminal history and seriousness of the offense, because those factors were taken into account in determining the presumptive sentence under the guidelines. Further, it is unclear what the trial court meant when it mentioned "multiple incidents." That would be an appropriate consideration if the court were referring to incidents related to the offense for which a sentence is being imposed. Accordingly, we remand this sentence to the trial court to clarify the factors relied on as substantial and compelling reasons for a departure.

■ Defendant also argues that his total term of incarceration in all four cases exceeds the limits under the sentencing guidelines. OAR 253-12-020; OAR 253-08-007.[4] He contends that the sentencing court should have designated one offense as the primary offense on the basis of the correct grid block and assigned a criminal history scale of "I" to each additional offense. Instead, the trial court ranked the convictions in grid block H. Defendant is correct that the trial court erred.

---

[3] The state urges us to affirm the departures, arguing that the record shows that the court would have imposed the maximum sentence even if only one aggravating factor was present. However, the court's statements do not compel that conclusion. It is for the sentencing court in the first instance to explain its reasons for a departure, including whether it is based on a single factor or a combination of factors. *State v. Wilson*, 111 Or App 147, 152, 826 P2d 1010 (1992).

[4] The sentences imposed on the misdemeanor convictions have no relevance to the maximum terms allowed under the guidelines, which apply only to sentences for felonies. ORS 137.010(1).

However, the error did not prejudice defendant and, therefore, he is not entitled to relief. *State v. Tremillion*, 111 Or App 375, 826 P2d 95, *rev den* 313 Or 300 (1992). The court's ranking of the convictions in grid block H, instead of I, did not change the range for sentencing. There are 90 custody units in both grid blocks 3 H and 3 I and 120 custody units in both grid blocks 4 H and 4 I.

■　　Defendant is incorrect that the sentence imposed by the trial court exceeded the limitations on departures. The limits in OAR 253-08-007(3) do not apply to dispositional departures. *State v. Ripka*, 111 Or App 469, 827 P2d 189, *rev den* 313 Or 300 (1992).

■　　Defendant next assigns error to the court's denial of his motion for judgment of acquittal of theft in Case No. 90-05-32704. He argues that there was no evidence that he had completed a sale of the stolen property. Assuming that defendant has preserved that theory, there was no error because there was evidence from which the jury could infer that he had sold the stolen goods. He also argues that, having been convicted of theft for stealing, he cannot be convicted of theft by receiving for selling the same stolen goods. He is wrong. He committed theft by taking when he took the goods and theft by receiving when he sold them several days later. *Smith v. State of Oregon*, 78 Or App 485, 717 P2d 240 (1986).

Remanded for resentencing in Case Nos. 90-03-31533, 90-05-32704 and 90-07-34073; otherwise affirmed.