Submitted on record and briefs December 23, 1993, affirmed January 25, petition for review denied May 16, 1995 (321 Or 137)

STATE OF OREGON,
*Respondent,*

*v.*

ALVIN HAROLD BROWN,
*Appellant.*

(C9112-36499; CA A76495)

888 P2d 1071

Eric R. Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

.

Before Warren, Presiding Judge, and Deits and Edmonds, Judges.

DEITS, J.

Edmonds, J., dissenting.

**DEITS, J.**

Defendant was convicted of theft in the first degree. ORS 164.055. Under grid block 4-A, his presumptive sentence was 10 months of imprisonment; however, the sentencing court found an aggravating factor and imposed a departure sentence of 20 months of imprisonment. Defendant challenges that sentence, arguing that the aggravating factors cited by the court do not constitute substantial and compelling reasons for a departure. ORS 138.222(3).[1] We affirm.

Although defendant concedes that a trial court may base a departure sentence on factors other than those specifically set out in the guidelines, OAR 253-08-002(1), he argues that the court erred by considering factors that had already been taken into account in determining the presumptive sentence and by not considering the overall purposes of the guidelines when imposing the departure. The state contends that even though defendant may have adequately preserved an objection to departure based on a finding of "persistent involvement in similar crimes," OAR 253-08-002(1)(b)(D), he did not specifically object to a departure based on aggravating factors outside the nonexclusive list in OAR 253-08-002-(1)(b). We agree with the state that defendant failed to preserve that claim of error.

At sentencing, defendant and the state discussed at length whether a departure was appropriate on the basis of the specific aggravating factor of persistent involvement in similar offenses or repetitive assaults. OAR 253-08-002-(1)(b)(D). Immediately following that discussion, defense counsel said:

---

[1] Under ORS 138.222(3), the scope of review of a departure sentence

"shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure from the sentence prescribed by the rules of the State Sentencing Guidelines Board:

"(a) Are supported by the evidence in the record; and

"(b) Constitute substantial and compelling reasons for departure." ·

Although defendant makes the general statement that the sentencing court's findings of fact and reasons justifying a departure "are not supported by the evidence in the record," his argument on appeal is directed solely at whether those findings and reasons rise to the level of substantial and compelling. Accordingly, we address only that issue.

"Very well, but I think, Your Honor, if we look at this offense that [defendant] is convicted of, *there's nothing in the nature of the offense that warrants an aggravated sentence,* and if we look at any of — there are no other factors here that say — that indicate — this is a nonexclusive list, of course, but there are no other factors *here* that indicate that an aggravated sentence is appropriate for this crime in this case." (Emphasis supplied.)

The court then issued its ruling:

"My analysis of the connection between this offense and the other offense is simply this. My task in large part in sentencing on theft is to prevent the defendant from committing further thefts in the community. If that can be done by rehabilitation, that's the way it ought to be done for a variety of reasons.

"* * * * *

"But the purposes of a sentence in a criminal justice — in a criminal case are, as far as I'm concerned, to protect the community either by isolating the offender for as much time as necessary to protect the community is available [*sic*] or to reform the offender so that the offender will no longer pose a threat * * *[.] [A]s I've told people, if I could send you to Hawaii for a year to have a good time and know that you would come back a member of the community who would no longer pose a threat of violence or theft, as far as I'm concerned that's what we ought to do * * *.

"* * * * *

"The relevance of the other crimes demonstrates that for whatever reasons, your values, at least those you act on, are so out of touch with those kinds of values, that people who don't hurt each other or steal from each other rely on in their daily lives, that I have no assurance whatever that after ten months in prison you will come back less likely or unlikely to steal from people if you can get away with it or think you can.

"* * * * *

"[T]he fact that there is a connection in type between the two tractor thefts is of some relevance because it shows calculations, I did it once. I'm going to do it. Sure, that's relevant, but the overall picture of the defendant is somebody whose values are so far from those [of law abiding] neighbors * * *.

"For that reason, I think ten months is insufficient. Twenty months is the maximum available, and it is, therefore, the minimum legally available to achieve those purposes which the criminal justice system is supposed to achieve, notwithstanding the sentencing guidelines, and those are community safety.

"So I will, for those reasons, having stated them on the record, having found them to be compelling and substantial reasons for an upward departure, I will depart. It's a durational departure upward from ten to twenty months, grid block 4-A."

In response, defense counsel said only, "Can we revisit the trip to Hawaii?"

■■    We have previously held that if a defendant believes that the sentencing court's reasons are not substantial and compelling and, therefore, do not justify departure, the defendant must indicate the basis of the objection with specificity so as to put the sentencing court "on notice that its explanation or analysis may be flawed." *State v. Orsi/Gauthier*, 108 Or App 176, 180, 813 P2d 82 (1991); *see also State v. Drake*, 113 Or App 16, 832 P2d 44 (1992). Here, defendant made a very general objection, *i.e.* that none of the enumerated aggravating factors in OAR 253-08-002(1)(b) were appropriate in this case. As the state acknowledges, defendant did also make one specific objection, that the departure should not be based on OAR 253-08-002(1)(b)(D), persistent involvement in similar offenses. However, defendant does not argue on appeal that the sentencing court erred in relying on that, or any other factor listed in the guidelines, to justify the departure.[2] Rather, on appeal he contends that the court erred by considering his prior convictions and the nature of his offenses and that "[d]eparture based on these considerations is improper."

According to the dissent, "[a] careful reading of the transcript demonstrates that defendant's argument to the trial court encompassed all possible reasons for a departure sentence, including those not listed in the nonexclusive list in the administrative rule." 132 Or App at 450. The dissent then

---

[2] On appeal, defendant states that "[t]he [sentencing] court determined that aggravation was not appropriate under OAR 253-08-002(1)(b)(D) — Persistent involvement in similar offenses."

asserts that even if defendant "did not make the particular argument to the trial court that he makes here, [*State v. Hitz*, 307 Or 183, 766 P2d 373 (1988)] says that is not essential to preserve error." 132 Or App at 453. As discussed above, we do not believe that defendant was objecting to a departure on *any* possible ground; rather, we believe the objection was that none of the factors specified in OAR 253-08-002(1)(b) justified a departure.[3]

Further, even if we were to read defendant's objection as broadly as the dissent does, such an objection would be too general to preserve the alleged error on appeal. Under the dissent's reasoning, although a sentencing court has the authority to use any number of reasons to support a departure,[4] a defendant could preserve an objection to a particular basis for a departure merely by stating to the court that *no* reason exists to justify such a sentence. On appeal, the defendant would then be free to make any argument that he or she chooses to challenge the court's stated reasons. Such a rule is inconsistent with the requirement that a defendant put the sentencing court on notice of specific problems with the departure sentence, and denies the court the opportunity to cure the alleged defects. Because defendant failed to put the sentencing court on notice or specify the reason that its rationale or analysis was flawed, he did not preserve the claim of error that he raises on appeal.

Affirmed.

**EDMONDS, J.,** dissenting.

The majority holds that defendant did not preserve his assignment of error that the court's imposition of a departure sentence was improper, because defendant makes a different argument on appeal than he did to the trial court. The record indicates that at one point defendant told the trial court,

---

[3] Our disagreement with the dissent centers on defense counsel's statement to the trial court that there were "no other factors" to support a departure. The dissent reads that phrase to refer to factors other than those listed in OAR 253-008-002(1). In contrast, we read the phrase, as defense counsel used it in the discussion, to refer to the enumerated factors other than the one the state and the defense had been discussing, OAR 253-008-002(1)(b)(D)—persistent involvement in similar offenses.

[4] As both defendant and the dissent note, the list of aggravating factors in OAR 253-08-002(1)(b) is nonexclusive.

"there's nothing in the nature of the offense that warrants an aggravated sentence, and * * * there are not *other* factors here that say—that indicate—this is a nonexclusive list, of course, but there are no *other* factors here that indicate that an aggravated sentence is appropriate for this crime in this case." (Emphasis supplied.)

On appeal, defendant argues:

"[T]he reason given by the court in this case for the departure is not adequate to justify a sentence outside the standard range. In other words, it is not consistent with the purposes of the sentencing guidelines. Therefore, imposition of a departure sentence was error."

The majority says:

"Here, defendant made a very general objection, *i.e.* that none of the enumerated aggravating factors in OAR 253-08-002(1)(b) were appropriate in this case. As the state acknowledges, defendant did also make one specific objection, that the departure should not be based on OAR 253-08-002(1)(b)(D), persistent involvement in similar offenses. However, defendant does not argue on appeal that the sentencing court erred in relying on that, or any other factor listed in the guidelines, to justify the departure. Rather, on appeal he contends that the court erred by considering his prior convictions and the nature of his offenses and that '[d]eparture based on these considerations is improper.' " 132 Or App at 447.

The majority also says:

"Our disagreement with the dissent centers on defense counsel's statement to the trial court that there were 'no other factors' to support a departure. The dissent reads that phrase to refer to factors other than those listed in OAR 253-008-002(1). In contrast, we read the phrase as defense counsel used it in the discussion, to refer to the enumerated factors other than the one the state and the defense had been discussing, OAR 253-008-002(1)(b)(D)—persistent involvement in similar offenses." 132 Or App at 448 n 3.

The majority concludes that defendant essentially made two objections at trial. One was a general objection, that there were no *enumerated* factors in the guidelines that would justify a departure sentence. The other was a specific objection, that the court should not base a departure on the factor of persistent involvement in similar offenses. I disagree

with that conclusion. A careful reading of the transcript demonstrates that defendant's argument to the trial court encompassed all possible reasons for a departure sentence, including those not listed in the nonexclusive list in the administrative rule. The majority has incorrectly characterized defendant's arguments to the trial court.

The sentencing hearing began with the trial court raising the question of an upward departure based on the factor of persistent involvement in similar offenses. The court then inquired, "What is the state going to argue?" The prosecutor replied:

> "Well, your Honor, I think you can look not only to the fact that he has committed the virtually identical crime in Washington County and the fact that other matters were not proceeded on in exchange for his plea to that — to that charge, but I think you can also consider his history and assaultive behavior, and I would direct the Court particularly to the language, which I think is beneficial in *State v. Kennedy*[, 113 Or App 134, 831 P2d 712 (1992)]. Your Honor undoubtedly has read it."

In *State v. Kennedy, supra,* the defendant argued that, because his prior offenses of robbery and burglary were reflected in his criminal history, they could not also be used to support a departure sentence. We disagreed and said that the rule

> "is intended to capture, for sentencing purposes, a separate malevolent quality in the offender represented by the repetitive nature or pattern of the offender's criminal behavior over and above simply counting the number of offenses in an offender's criminal history." 113 Or App at 137-38.

Thus, when the prosecutor told the trial court in this case that the state was relying on the holding in *State v. Kennedy, supra,* it was asking the court to consider defendant's criminal history and prior offenses as demonstrative of a behavior pattern that supported a departure sentence, even though the same history had been used to assess the presumptive sentence.

In response to that argument, defense counsel told the court that there was nothing in defendant's criminal history that justified a sentence beyond the presumptive sentence. The following colloquy took place:

"[Defense Counsel]: Thank you, Judge. We are after all sentencing [defendant] for tractor theft, and what I hear the District Attorney saying—and I'm not sure if the Court is agreeing with this—is that we should altogether [*sic*] the offense that we are—the conduct for which we are sentencing the defendant and look solely at the individual and say, 'You're bad, and I'm going to do whatever I can within the bounds of the law,' and not—and forget entirely what we're—what brings us here and what gives the Court the authority to sentence, and it's the theft of a tractor.

"*In fact all of the arguments and concerns about [defendant] being dangerous and have [sic] committed crimes of tremendous proportions were argued and presented to a judge who sentenced him for those crimes to a lot of time. That has all been done.*

"* * * * *

"THE COURT: That doesn't mean that [the judge who sentenced defendant for previous crimes] decided that the purposes of sentencing could be accomplished within the guidelines. In other words, I don't know whether that judge would have imposed more or not, *but if your point is we're sentencing him for theft and not for being a bad person, I agree with you.*

"[Defense Counsel]: And that the things for which he is said to be a bad person or an especially bad person, he has been sentenced for. We don't need to concern ourselves with that, with taking into account and sentencing him for the conduct that he was just recently sentenced for.

"*Lets look at what he—what he's being—what he's been convicted of in this court and sentenced for in this court and then what the guidelines say.*

"*Given his criminal history, as the Court's determined it—and evidently it doesn't really—well, it does make a difference what his criminal history is.* And the determination that the Court's made shifts him to a penitentiary sentence as opposed to probation, and that's happened as a result of his recent convictions.

"* * * * *

"[Defense Counsel]: *And the guidelines say that there is a presumptive sentence for somebody with a record of his magnitude and who has committed this offense, and we would urge the Court to impose that presumptive sentence,* unless the Court can find aggravating circumstances that are

substantially compelling, not just there, that warrants [*sic*] an enhanced sentence." (Emphasis supplied.)

However, apparently the court changed its mind about agreeing with defense counsel's position, because it told defendant:

"The relevance of the other crime demonstrates that for whatever reasons, your values, at least those you act on, are so out of touch with those kinds of values, that people who don't hurt each other or steal from each other rely on in their daily lives, that I have no assurance whatever that after ten months in prison you will come back less likely or unlikely to steal from people if you can get away with it or think you can.

"* * * * *

"For that reason, I think ten months is insufficient. Twenty months is the maximum available, and it is, therefore, the minimum legally available to achieve those purposes which the criminal justice system is supposed to achieve notwithstanding the sentencing guidelines, and those are community safety."

In *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), the Supreme Court explained how we analyze whether an issue raised on appeal has been preserved below. It said:

"We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. The first ordinarily is essential, the second less so, the third least." 307 Or at 188. (Citations omitted; emphasis in original.)

The majority's holding is contrary to the test in *Hitz*. Defense counsel's arguments responded to the prosecutor's argument based on *Kennedy* and in substance told the court that, despite defendant's criminal history, that history did not indicate the separate malevolent quality that *Kennedy* requires. Our requirements regarding preservation need to be tempered with pragmatism. It is wrong for us to impose a standard of preservation that flows from the clarity of hindsight steeped in the posture of "Monday morning quarterbacks." Defense counsel was in the midst of a hearing involving the liberty of his client. In that environment, one does not always have the luxury to choose one's words carefully. In that light, when counsel's arguments are assessed, it is apparent that they informed the court of the substance of

defendant's position. Moreover, to the extent, if any, that defendant did not make the particular argument to the trial court that he makes here, *Hitz* says that is not essential to preserve error.

In effect, the majority says that there is a different rule for cases involving the sentencing guidelines, and that the basis of any objection to a sentence under the guidelines must be made with greater specificity than that required regarding other issues. It relies on *State v. Drake*, 113 Or App 16, 832 P2d 44 (1992), and *State v. Orsi/Gauthier*, 108 Or App 176, 813 P2d 82 (1991), as authority for that proposition. Those cases are not on point factually. In both, the defendants made no objection to the imposition of a departure sentence. Although I agree with the majority that the objection made to the trial court must be adequate to alert the trial court to the reason why defendant believes the court is about to err, I do not agree with the majority's novel proposition that sentencing guidelines cases require a specificity of objection that other cases do not. The rule of *Hitz* applies to all kinds of cases, including this one, in which ten months of defendant's liberty is at issue. In sum, the record is clear that the parties and the trial court knew that the issue was whether or not defendant's criminal history justified a departure sentence in the light of the rule in *Kennedy*. Accordingly, defendant preserved the argument he makes in this court.

I turn to the merits of defendant's assignment of error. In *State v. Wilson*, 111 Or App 147, 151, 826 P2d 1010 (1992), we said:

> "[W]e review whether the *reasons* given by the court are appropriate. That review is limited to whether the reasons are substantial and compelling. That is, we review the explanation of why the circumstances are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. If the explanation does not demonstrate that, we must remand for resentencing. ORS 138.222(5). If it does, we will not disturb the trial court's exercise of discretion." (Emphasis in original.)

Despite the prosecutor's citation to *Kennedy*, the court's reasoning as to why there were substantial and compelling reasons for a departure sentence is obscure. The court expressed disagreement with the legislature's choice of a

ten-month presumptive sentence in the light of defendant's criminal history,[1] and its belief that ten months was an inadequate sentence to deter defendant from further criminal conduct and to protect the community. However, it never expressly reasoned on the record that the particular repetitive nature and pattern of defendant's criminal behavior indicated a discrete malevolent quality that justified a departure sentence beyond what his criminal history score indicated. In other words, the court failed to explain why the particular case of defendant as compared to others with a similar criminal history justified a deviation from the presumed sentence.

In *State v. Nelson*, 119 Or App 84, 849 P2d 1147 (1993), we considered a similar sentencing record. In that case, we said:

> "The court gave five reasons for departure: multiple incidents, criminal history, the seriousness of the offense, defendant's failure to appear and the fact that the offenses were committed while defendant was on release. As discussed above, the last two factors are appropriate considerations. *However, it was not proper for the court to base the departure on defendant's criminal history and seriousness of the offense, because those factors were taken into account in determining the presumptive sentence under the guidelines. Further, it is unclear what the trial court meant when it mentioned 'multiple incidents.'* That would be an appropriate consideration if the court were referring to incidents related to the offense for which a sentence is being imposed." 119 Or App at 89. (Emphasis supplied.)

Our holding in *Nelson* controls in this case. The trial court's reasoning does not adequately explain why, in the light of the rule in *Kennedy*, the presumptive sentence for defendant was inadequate. In *Nelson*, we remanded to the trial court to clarify the factors that it had relied on as substantial and compelling reasons for departure, and we should do the same here.

Consequently, I dissent.

---

[1] We are not called upon to assess the wisdom of the length of the guideline sentences, only to apply them. *See* ORS 174.010.