Argued and submitted June 28, remanded for resentencing; otherwise affirmed August 9, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID CLIFFORD MITCHELL,
*Appellant.*

(93CR0753; CA A83048)

900 P2d 1083

Sally L. Avera, Public Defender, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from the sentences imposed after he pled guilty to the charges of aggravated theft in the first degree, ORS 164.057; burglary in the first degree, ORS 164.225; and unauthorized use of a motor vehicle, ORS 163.135. We review the sentences pursuant to ORS 138.222, affirm the convictions and remand for resentencing.

Regarding his conviction for aggravated theft in the first degree, which involved property of the Josephine County Forestry Department, defendant's presumptive guideline sentence under grid block 6E is a range of 10 to 12 months of incarceration. The sentencing court found aggravating factors and imposed an upward departure of 24 months. Regarding the burglary in the first degree conviction, defendant broke into a home and destroyed or stole property whose value exceeded $10,000. Under grid block 7E, his presumptive guideline sentence is a range of 16 to 18 months of incarceration. The sentencing court found aggravating factors and imposed an upward departure of 36 months to be served consecutively to the sentence for aggravated theft. Regarding the conviction for unauthorized use of a motor vehicle, defendant stole a vehicle worth $1,000 or more from an auto dealer. Under grid block 3E, the presumptive guideline sentence was a range of 60 to 120 days. The sentencing court found aggravating factors and imposed an upward departure of 12 months to be served consecutively with the other sentences.[1]

In sentencing defendant to departure terms, the trial court relied on the aggravating factors that defendant had persistently been involved in similar criminal conduct, OAR 253-08-002(1)(b)(D), and that the degree of harm or loss suffered by the victims was greater than typical for the offenses. OAR 253-08-002(1)(b)(J). Regarding all three sentences, it said:

"This is a case * * * looking at the facts of the case, this is a case where the amount of, I guess you could say, theft does greatly exceed what we normally see in these cases, and your

---

[1] Defendant also pled guilty to another charge of aggravated theft, ORS 164.057, in this case, and was sentenced to serve eight months concurrently with the other sentences imposed by the court. He has not challenged that sentence.

record, * * * is about as long as anybody I've ever seen for someone your age. And I guess once in awhile we have a person in front of us where I think the State has every right in this case to ask for a departure.

"And, so, on * * * the charge of Aggravated Theft [involving the Josephine County Forestry Department], because of the amount that was involved here and because of the persistent involvement, the Court will sentence you * * *."

Defendant argues only that the court erred in relying on OAR 253-08-002(1)(b)(J), because OAR 253-08-002(2)[2] prohibits reliance on that factor when the loss is captured as an element of the offense or by the crime seriousness level subclassification. Because we cannot tell whether the court would have departed had it found only factor (D), persistent involvement, we must determine whether the court erred in relying on factor (J). *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992).

In *State v. Nelson*, 119 Or App 84, 849 P2d 1147 (1993), we addressed a similar argument and concluded that although the amount of loss is taken into account in ranking a crime on the crime seriousness scale, the recognition of the amount of loss does not necessarily duplicate a factor already accounted for by the presumptive sentence. We held that even though value may be an element of an offense, the damages suffered by a victim could be significantly greater than is typical for the offense. 119 Or App at 88. Here, for example, one of the crimes to which defendant pled guilty involved breaking into a home, ransacking and stealing most of the victim's personal property and furnishings. It could be that the damage suffered was significantly greater than that typical for the types of crimes charged or of a different character than that embodied solely in the monetary value of the articles taken or destroyed.

---

[2] OAR 253-08-002(2) provides:

"If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the Crime Seriousness Scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

Nevertheless, we agree with defendant that it is impossible to determine from the record whether the sentencing court's reliance on aggravating factor OAR 253-08-002(1)(b)(J) on each conviction was based on the value of the property taken, what was destroyed or a combination thereof. *Nelson*, 119 Or App at 88-89. Moreover, we cannot determine what the trial court would have done if it had found only a single aggravating factor. In *Wilson*, we explained the scope of review of a departure sentence:

"Under ORS 138.222(3)(b), we review whether the *reasons* given by the court are appropriate. That review is limited to whether the reasons are substantial and compelling. That is, we review the explanation of why the circumstances are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. If the explanation does not demonstrate that, we must remand for resentencing." 111 Or App at 151. (Emphasis in original.)

In this case, the sentencing court did not adequately explain the factual basis supporting application of aggravating factor (J). We will not speculate about the sentencing court's reasons. We disagree with the state's argument that the aggravating factor of OAR 253-08-002(1)(b)(J) is only applicable to the charge related to the property stolen and destroyed from the house. At sentencing, the court specifically noted that it was entering a departure sentence for the amount involved in the theft from the Josephine County Forestry Department. Moreover, the sentencing court's findings are inadequate for us to determine what factor or factors the court relied on regarding each of the departure sentences. On remand, the trial court should identify the evidentiary basis for the imposition of aggravating factors, and clarify which factor or factors it relies on for sentencing on each particular charge. Further, it would be advisable for the court to indicate whether it intends to impose a departure sentence on each conviction based on a single factor alone in the event that it employs more than one aggravating factor for a departure sentence.

Defendant's remaining assignments of error were not preserved below, and we will not consider them.

Remanded for resentencing; otherwise affirmed.