***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 17, affirmed May 3, 2023, petition for review denied
August 31, 2023 (371 Or 332)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARLOS SANTANA VALERO, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
19CR67325; A175475

Beth L. Roberts, Judge. (Amended Judgment dated September 21, 2021)

D. Charles Bailey, Jr., Judge. (Judgment dated January 21, 2021)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant was convicted of unlawful delivery and possession of methamphetamine (Counts 1 and 2, respectively),[1] possession of heroin (Count 3), and attempt to elude a police officer (Count 4). He raises three assignments of error that challenge his sentences on Counts 1 and 2. He also raises a claim of error that the trial court lacked jurisdiction to enter an amended judgment. We affirm.

*Entry of amended judgment:* At the initial sentencing proceeding, the court merged the verdicts on Counts 1 and 2 and imposed convictions for Counts 1, 3, and 4. Later, defendant successfully appealed a nonunanimous jury conviction on Count 1, which resulted in reversal of Count 1 and necessitated a remand for resentencing. On remand, the trial court resentenced defendant on Count 2 in January 2021 and set a new trial date for Count 1. Defendant ultimately pleaded guilty to Count 1 in September 2021, and the trial court entered an amended judgment that specified the sentences for all counts (at defendant's request).[2]

After the court entered the January 2021 judgment but before it entered the amended judgment, defendant filed a notice of appeal from the January 2021 judgment. Defendant now argues that the trial court did not have jurisdiction to enter the September 2021 judgment because of his appeal of the January 2021 judgment. *See* ORS 19.270 (trial court retains jurisdiction only for limited purposes once an appeal has been properly initiated); *State v. Johnson*, 177 Or App 244, 247 n 2, 35 P3d 1024 (2001) ("under ORS 19.270(1), this court has jurisdiction over a case once an appeal has been properly initiated"). But, as the state observes, the January

---

[1] Defendant also challenged, and the state conceded as error, the imposition of post-prison supervision on Count 2 because the prison term, when combined with the post-prison supervision term, exceeded the statutory maximum for a Class C felony. After briefing was complete, the trial court granted a motion to amend the judgment to correct the judgment to omit the post-prison supervision term. That correction obviates the need to address defendant's second and third claims of error.

[2] Because defendant had already served his sentences on Counts 3 and 4, the court did not resentence him on those counts at the hearing, although it did reimpose the original sentences on those counts in its September 2021 amended judgment.

2021 judgment was not an appealable judgment because it did not conclusively dispose of all the charged counts. *See* ORS 138.035(1)(a)(A) (judgment that is appealable by criminal defendant is one "[c]onclusively disposing of all counts in the accusatory instrument or conclusively disposing of all counts severed from other counts"). Because defendant's first appeal was not properly initiated, *see* ORS 19.270(1), the trial court retained jurisdiction to enter the amended judgment from which defendant now appeals.

*Imposition of sentence outside of defendant's presence:* During defendant's plea hearing on Count 1, the court asked defendant if he understood that his sentence would include 36 months of imprisonment and three years of post-prison supervision. Defendant responded affirmatively. The court then immediately sentenced defendant, orally announcing that it would "sentence [defendant to] the 36 months in the Department of Correction as an 8-B," but omitting any reference to post-prison supervision. Defendant contends, and the state does not dispute, that the court's entry of an amended judgment that included the term of post-prison supervision violated defendant's right to be present when sentenced, under both the state and federal constitutions.

Assuming that defendant is correct that the court erred, we agree with the state that the error was harmless. Viewing defendant as an 8-B, the court was required to impose three years of post-prison supervision. *See* OAR 213-005-0002(2)(a) ("post-prison supervision shall be *** three years for Crime Categories 711"). Given that defendant acknowledged that he was agreeing to that sentence and given that the trial court had no discretion but to impose that period of post-prison supervision, any error in including that term in the judgment without having orally announced it is harmless. *See State v. Riley*, 195 Or App 377, 384, 97 P3d 1269 (2004), *rev den*, 340 Or 673 (2006) (entry of an amended judgment in the defendant's absence is harmless where the sentence "involves neither disputed facts nor the exercise of judicial discretion but occurs entirely by operation of law").

*Departure sentence:* In Count 2, the state charged defendant with unlawful possession of methamphetamine

and, as an element of that charge, alleged that defendant had a prior felony conviction. The state also alleged two aggravating factors: (1) prior sanctions had not deterred defendant from reoffending and (2) defendant was on supervision at the time of the offense. Defendant admitted to and waived his right to a jury on both factors. Accordingly, the trial court imposed a 60-month upward departure sentence.

Despite having admitted to the factors, on appeal, defendant raises an unpreserved challenge to the "failure to deter" enhancement factor, arguing that that factor was already captured by the "prior felony conviction" element of the crime. In defendant's view, OAR 213-008-0002(2) prohibited the court from using it as an aggravating factor absent a finding that it was "significantly different from the usual criminal conduct captured by the aspect of the crime." OAR 213-008-0002(2) (so stating). Relatedly, he also argues that the factor was already accounted for in his criminal history score and that, failing both those arguments, the trial court did not explain why it had a "substantial and compelling reason" to depart from the presumptive sentence. OAR 213-008-0001 (requiring a court to find a substantial and compelling reason for the departure).

We conclude that any error was not plain, because, as defendant acknowledges, it is not clear whether the prior felony conviction element of the crime and the inclusion of the prior offenses in his criminal history score fully encompass the conduct addressed by the "failure to deter" factor. What is more, we have previously held that if a defendant does not agree that a trial court's departure sentence is supported by "substantial and compelling" reasons, the defendant must raise a specific objection; absent such an objection, no error is apparent on the face of the record. *State v. Orsi/Gauthier*, 108 Or App 176, 180, 813 P2d 82 (1991) (unpreserved claim that the court's reasons for departure are not substantial and compelling "is not an error of law that may be reviewed as 'apparent on the face of the record'"). We therefore reject defendant's claim of error.

*Criminal history score:* Lastly, defendant challenges the trial court's calculation of his criminal history score on Count 2. At the January 2021 resentencing for Count 2,

counsel for defendant stated that they "believe [defendant] would be on the Count 2 a 6-A, if that's correct." The state echoed that characterization, noting that defendant's criminal history included attempted murder, first-degree assault, unlawful use of a weapon, and fourth-degree assault. The trial court identified defendant as being a 6-A on the sentencing guidelines. At the September 2021 sentencing (during which, as described above, the trial court reimposed sentences on all counts), it reimposed the same sentence for Count 2 and used grid block 6-A. The court also sentenced defendant on Count 1. Pursuant to the parties' stipulations, the court sentenced defendant for Count 1 under grid block 8-B. Defendant now maintains that the court erred in "re-imposing" the sentence for Count 2 under grid block 6-A, appearing to believe that the court used defendant's conviction on Count 1 to calculate (and increase) defendant's criminal history score. Defendant asserts that use of the A grid block was "an error."

Defendant's unpreserved claim of error fails. It is not "obvious" for plain-error purposes, given defendant's prior convictions for attempted murder, first-degree assault, and unlawful use of a weapon, that 6-A is an incorrect grid block for defendant. *See* OAR 213-004-0007 (classifying criminal history category as A where an "offender's criminal history includes three or more person felonies in any combination of adult convictions"). Indeed, it was defendant's counsel, during sentencing on Count 2, who told the court that defendant was a 6-A. And the fact that the parties stipulated to a lower grid block for Count 1 does not render the sentence for Count 2 unlawful; it simply suggests that defendant obtained the benefit of a lower grid block.

Affirmed.