No. 251            March 19, 2025            209

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW DAVID SIMMONS,
*Defendant-Appellant.*
Lincoln County Circuit Court
22CR11967; A179564

Sheryl Bachart, Judge.

Submitted September 27, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

MOONEY, S. J.

Affirmed.

**MOONEY, S. J.**

Defendant appeals a judgment of conviction for first-degree burglary, ORS 164.225. In a single assignment of error, defendant challenges the trial court's imposition of an upward departure sentence based on defendant's admission that he committed the burglary while he was "on release" for unrelated charges in another case. Defendant did not object to the trial court's reliance on his release status as a basis for an enhanced departure sentence and, as such, he did not preserve his argument for appeal. And although he requests plain error review, we conclude that there was no error, plain or otherwise, and we affirm.

Defendant and L began and ended an intimate relationship over the course of three weeks. Shortly after their relationship ended, defendant entered L's home in the early morning hours without her permission, entered her bedroom, took videos of L sleeping, and, once she woke up, defendant threatened and assaulted L. Defendant was charged with three counts of first-degree burglary, ORS 164.225; second-degree sexual abuse, ORS 163.425; coercion constituting domestic violence, ORS 163.275; menacing constituting domestic violence, ORS 163.190; and harassment, ORS 166.065. A jury found defendant guilty as charged. The trial court merged Counts 1 and 2 into Count 3 at the time of sentencing. After dismissing two of the state's alleged enhancement factors, defendant waived his right to have the jury determine the existence of the remaining factor, and he admitted that he committed the crimes of conviction when he was on release for pending charges in another case. Having concluded that the existence of that fact was sufficient to justify a departure sentence, the trial court sentenced defendant to 120 months in prison and three years of post-prison supervision (PPS), representing an upward departure from the presumptive sentence of 56 to 60 months. Defendant did not object to the court's use of that admitted enhancement factor in its sentencing decision.

Defendant nevertheless contends on appeal that the trial court violated his right to fair notice under the Due Process Clause of the Fourteenth Amendment to the United States Constitution because "pretrial release" status is not

enumerated in the sentencing guidelines and because, in his view, case law does not support pretrial release status as an enhancement factor. Defendant argues that the trial court plainly erred when it relied on his pretrial release status to enhance his sentence. But defendant's argument is foreclosed by *State v. Speedis*, 350 Or 424, 426, 256 P3d 1061 (2011) (explaining that while OAR 213-008-0002(1)(b) provides a nonexclusive list of aggravating factors that may be considered in "determining whether substantial and compelling reasons" exist for an upward sentence departure, the trial court may also "rely on aggravating factors that are not listed[,]" and, further, that a prior judicial decision holding that an unenumerated factor may be used to justify a departure sentence provides constitutionally sufficient notice under the Fourteenth Amendment), and *State v. Nelson*, 119 Or App 84, 87, 849 P2d 1147 (1993) ("[A] defendant's failure to be deterred from committing crimes while on \*\*\* release demonstrates a substantial and compelling reason to depart."). The trial court did not err, plainly or otherwise.

Affirmed.