Argued and submitted August 30, 1991, affirmed March 11, reconsideration denied
June 17, petition for review denied August 25, 1992 (314 Or 176)

## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS WILLIAM CORNELIUS, JR.,
*Appellant.*

(90CR0263, 90CR0584; CA A65063)

827 P2d 937

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant pled guilty to two counts of escape in the second degree, ORS 162.155, and no contest to one count of possession of a weapon by an inmate. ORS 166.275. He appeals his upward departure sentence imposed under the sentencing guidelines on the weapon conviction.[1] We affirm.

Defendant argues that there were not substantial and compelling reasons to support the departure. He contends that the court based the departure on the aggravating factor of "[p]ersistent involvement in similar offenses," OAR 253-08-002(1)(b)(D),[2] but that the facts do not show that he had any previous weapons convictions.

OAR 253-08-002(1)(b)(D) does not define "similar offenses." The commentary says that the "similar offenses" aggravating factor need not involve the "same" offense. The determination of what is similar requires consideration of the nature of the offenses:

> "EXAMPLE: If an offender has an extensive record of fraud-related convictions and he or she has been convicted for a similar fraud scheme, the sentencing judge may impose an aggravated departure sentence. Such a departure would be most appropriate if the offender's criminal conduct demonstrated a significant level of sophistication and his or her criminal history strongly suggests that the offender will continue to engage in such illegal enterprises.

> "EXAMPLE: A departure sentence might also be appropriate under this paragraph for an offender convicted of ORS 163.125 Manslaughter II arising from a domestic dispute if that offender also has an extensive record of domestic violence. The prior history of domestic violence does not need to

---

[1] In 90CR0584, the sentencing court imposed an upward departure of 48 months for defendant's weapon conviction; it imposed an upward departure of 18 months on the escape conviction, to be served concurrently. In 90CR0263, the court imposed an upward departure of 18 months for the escape conviction, to be served consecutively to the sentences in 90CR0584. Although defendant states that he seeks remand for resentencing in both cases, his only argument relates to the weapon charge.

[2] OAR 253-08-002(1)(b)(D) provides that the sentencing court may consider as an aggravating factor:

"Persistent involvement in similar offenses or repetitive assaults. This factor may be cited when consecutive sentences are imposed only if the persistent involvement in similar offenses or repetitive assaults is unrelated to the current offense."

be represented in the offender's criminal history record to be cited as an aggravating factor." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 130 (1989).

The offenses in the first example both involve fraud, but that similarity alone is not what is considered significant as an aggravating factor. Rather, it is the pattern of sophisticated fraudulent conduct that renders the offenses similar. The second example does not involve the same offenses; the similarity is considered to be the fact that both offenses involve domestic violence.

Defendant cannot gainsay the similarity of his past offenses simply because they did not involve weapons. His conviction was not just a "weapons" offense. It was possession of a weapon by an *inmate*. The similarity, which the court termed "governmental types of offenses," is defendant's pattern of committing crimes to evade criminal sanctions. The court found that the weapon charge arose in the context of an escape and that defendant's lengthy record, not all of which was included in the presumptive sentence, included escape and failure to appear convictions. The court's conclusion that the offenses are "similar" is appropriate.

The court demonstrated why the weapon conviction was exceptional. It stated that a weapon charge "can include anything. It can include a spoon made into a weapon, but this particular item is a loaded gun." It concluded that the circumstance of defendant's conviction "goes beyond just the normal possession of a weapon by an inmate." The court's reasons for the departure are substantial and compelling. *See State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992).

Affirmed.