Argued and submitted March 24, affirmed May 3, appellant's petition for reconsideration filed May 17, respondent's response to petition for reconsideration filed May 23, and appellant's reply to response to petition for reconsideration filed May 26 allowed by opinion August 16, 2006

See 207 Or App 321, _____ P3d _____ (2006)

STATE OF OREGON,
*Respondent,*

*v.*

WILLIAM DEAN GORTLER,
*Appellant.*

200225083; A121534

134 P3d 1108

David Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Christina M. Hutchins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

After a jury trial, defendant was convicted of two counts of unauthorized use of a vehicle (UUV), one count each of manufacturing and delivery of a controlled substance, and two counts of possession of a controlled substance.[1] At the sentencing hearing, defendant pleaded guilty to a new UUV charge and stipulated to a 13-month sentence concurrent to the sentences imposed following the jury trial on the other counts. On appeal, he argues that the trial court erred when it imposed consecutive sentences and restitution. Defendant concedes that those arguments are controlled by *State v. Fuerte-Coria*, 196 Or App 170, 174, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005), and *State v. Gutierrez*, 197 Or App 496, 505, 106 P3d 670 (2005), respectively. Defendant also argues that the trial court erred in imposing a departure sentence on the first UUV count, but, because he does not challenge the longer, concurrent sentence for the third UUV count, any error is harmless. *See, e.g., State v. Tremillion*, 111 Or App 375, 376, 826 P2d 95, *rev den*, 313 Or 300 (1992).

Defendant also makes unpreserved challenges to the trial court's imposition of upward departure sentences on his other convictions under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Under the totality of the circumstances presented here, including defendant's plea of guilty to two of the charges, *State v. Perez*, 340 Or 310, 131 P3d 168 (2006), is controlling, and we therefore reject defendant's challenges.

Affirmed.

---

[1] Defendant was also charged originally with attempting to elude a police officer. He pleaded guilty to that charge and stipulated to a consecutive six-month sentence. He does not challenge that sentence on appeal.