## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM DEAN GORTLER,
*Appellant.*

200225083; A121534

142 P3d 74

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and David O. Ferry,

Deputy Public Defender, Office of Public Defense Services, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, for response.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant seeks reconsideration of our opinion affirming his convictions of two counts of unauthorized use of a vehicle (UUV); one count each of attempt to elude, manufacture of a controlled substance, and delivery of a controlled substance; and two counts of possession of a controlled substance. *State v. Gortler*, 205 Or App 545, 134 P3d 1108 (2006). We allow the petition for reconsideration, withdraw our former opinion, and reverse and remand for resentencing.

At the sentencing hearing in this case, the trial court imposed a 12-month dispositional and durational departure sentence on the first UUV count. The trial court also imposed sentences on the six remaining counts, making all but one sentence consecutive to the others, resulting in a total sentence of 67 months. The sentences on this case are summarized as follows:

| | |
|---|---|
| UUV | 12 months |
| Attempt to Elude | 6 months, consecutive |
| Unlawful Manufacture of a Controlled Substance | 12 months, consecutive |
| Unlawful Delivery of a Controlled Substance | 12 months, consecutive |
| Unlawful Possession of a Controlled Substance | 12 months, concurrent |
| UUV | 13 months, consecutive |
| Unlawful Possession of a Controlled Substance | 12 months, consecutive |

At the same hearing, defendant pleaded guilty to a new, unrelated UUV charge and stipulated to a 13-month sentence concurrent to the sentences in this case. In our former opinion, we held that, because defendant did not challenge that longer, concurrent 13-month sentence, any error by the trial court in imposing the 12-month departure sentence on the first UUV count was harmless, because the total length of his incarceration would not change. On reconsideration, we agree with defendant that our reasoning is incorrect, because, if defendant is able to establish that his 12-month sentence on the first count is unlawful, his remaining consecutive sentences would amount to no more than 55 months. His concurrent 13-month sentence under those circumstances would expire during that 55-month period.

We therefore return to defendant's first assignment of error on appeal. The trial court sentenced defendant to an upward dispositional and durational departure sentence of 12 months based on the fact that defendant was on supervision at the time he committed the first UUV, and because he had "persistent involvement in crime related to motor vehicles." The trial court did not otherwise explain its reasons for the departure sentence.

■    On appeal, defendant argues that there is no evidence of "persistent involvement" within the meaning of the sentencing guidelines because the prior crimes in his record involve driving while suspended, attempt to elude, and reckless driving, and are "basically offenses against the state and traffic laws," while UUV is a crime against the ownership of property.[1] Thus, in defendant's view, the trial court erred in imposing a departure sentence on that basis under OAR 213-008-002(1)(b)(D).

We agree with defendant. UUV is a theft and a property crime. Conversely, traffic offenses are based on conduct while driving. Because the trial court did not make findings as to how defendant's criminal conduct in stealing a car shared a common nature with his prior traffic offenses, there is nothing in the record to establish that the crimes have a similar nature as required by the rule. *See, e.g., State v. Cornelius*, 112 Or App 98, 827 P2d 937, *rev den*, 314 Or 176 (1992). Therefore, a finding of persistent involvement is unsupported by the evidence.

■    In its response to the petition for reconsideration, the state argues that the trial court could have nonetheless found persistent involvement because defendant was being sentenced to three unrelated UUV's at that hearing and that, under *State v. Nelson*, 119 Or App 84, 87, 849 P2d 1147 (1993), a sentencing court may consider "all similar offenses that are being sentenced at the same proceeding, if they are unrelated to the offense for which a sentence is being

---

[1] ORS 164.135 provides, in part:

"(1) A person commits the crime of unauthorized use of a vehicle when:

    "(a) The person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner[.]"

imposed." However, the state did not make that argument at sentencing and that was not the basis for the trial court's departure sentence. We will not substitute our own findings for those of the trial court. We are also unable to discern from the record whether the trial court would have imposed a departure sentence solely because defendant was on probation at the time that he committed the crime. The imposition of both dispositional and durational departures require independent substantial and compelling reasons for each departure. OAR 213-008-0005(3); *State v. Bagley*, 158 Or App 589, 594, 976 P2d 75 (1999).

Defendant does not challenge the underlying convictions. Accordingly, we remand for resentencing as required by ORS 138.222(5).[2]

Reconsideration allowed; former disposition withdrawn; sentences vacated; remanded for resentencing; otherwise affirmed.

---

[2] Because we must remand the entire case for resentencing, we need not address defendant's alternative arguments regarding his sentences.