Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed February 25, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRACY STEVEN WISE,
*Defendant-Appellant.*

Lane County Circuit Court
200225723; A121787

203 P3d 237

Stephanie Hortsch, Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Wise*, 202 Or App 661, 123 P3d 370 (2005) (*Wise I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Wise*, 345 Or 317, 195 P3d 64 (2008). In *Wise I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Wise I* was correct. Accordingly, we again remand for resentencing.

Among other offenses, defendant was convicted of two counts of unlawful possession of a controlled substance. The trial court imposed durational departure sentences on those convictions based on defendant's "persistent involvement in similar offenses."

As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the inference that his or her criminal behavior has been "persistent." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact).

On this record, we cannot say that there is "no legitimate debate" that a jury would have found that defendant had been persistently involved in similar offenses. The only evidence of defendant's criminal history at sentencing was the state's representation that defendant had "at least 34 convictions," including manslaughter and driving under the

influence of intoxicants. As noted, here, the trial court imposed durational departure sentences on the two counts of unlawful possession of controlled substances. However, the state did not assert that defendant had prior convictions for unlawful possession of a controlled substance or any other offenses involving controlled substances. Accordingly, the evidence in the record before us is insufficient to compel the inference that defendant was persistently involved in similar offenses. *See State v. Cornelius*, 112 Or App 98, 100-01, 827 P2d 937, *rev den*, 314 Or 176 (1992) (explaining test for determining similarity of offenses for purposes of departure sentences).

Moreover, the gravity of the error in this case was not trivial. *Ailes*, 312 Or at 382 n 6. The imposition of the upward departure sentences on Counts 4 and 7 increased defendant's term of incarceration by 12 months.

For the above reasons, we exercise our discretion to correct that error. *Ramirez*, 343 Or at 513.

Remanded for resentencing; otherwise affirmed.