Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 11, petition for review denied April 8, 2009 (346 Or 158)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALFRED NIKO, III,
*Defendant-Appellant.*

Baker County Circuit Court
02750; A123250

202 P3d 908

Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Niko*, 201 Or App 395, 118 P3d 851 (2005) (*Niko I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Niko*, 345 Or 316, 195 P3d 63 (2008). In *Niko I*, we remanded for resentencing because the court had imposed an upward departure sentence on a conviction for first-degree burglary based on judicial factfinding that the victim was particularly vulnerable and that defendant had violated a position of trust. 201 Or App at 396. That factfinding constituted plain error under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and we exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), to correct it. The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our discretion under *Ailes*. As explained below, we now conclude that it would not be proper to exercise discretion to correct that sentencing error. Accordingly, we affirm.

■■ In this case, the sentencing court specifically found that either of the two bases for departure would be independently sufficient to support the sentence imposed; accordingly, we can reverse only if it would be a proper exercise of discretion to correct the error with regard to both of the sentencing factors on which the court relied. *See generally State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). We do not discuss the "vulnerable victim" factor (although we note that the victim of this burglary, who was present when it occurred, was 97 years old), because we decline to exercise our *Ailes* discretion with respect to the alternative, independently sufficient "violation of a position of trust" basis for departure.

An extended discussion of the facts of the case would not benefit the bench, the bar, or the public. Defendant was a caregiver in an assisted living center. He entered the victim's apartment in the middle of the night, and she caught him going through her purse. She later discovered that money was missing from her purse. Although whether defendant

had taken the money was disputed at trial, it was undisputed that defendant entered the victim's apartment and that he was able to do so because of his position at the assisted living facility.

Whether to exercise our discretion to correct a sentencing error is analyzed under *Ailes*, 312 Or at 382 n 6, which gives a nonexclusive list of factors to be considered, including "the competing interests of the parties; the nature of the case; the gravity of the error; [and] the ends of justice in the particular case," among other things. Under some circumstances, the "competing interests of the parties" factor is conclusive: As the court noted in *Ramirez*, 343 Or at 513, the state "has a significant interest in avoiding a second, unnecessary sentencing hearing." That is, where there is no legitimate debate that a jury would find the facts necessary to support an enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.*

That factor is conclusive here. Defendant, because of his position as a caregiver in an assisted living facility, was able to enter the victim's apartment in the middle of the night. Given those undisputed facts, there can be no legitimate debate that a jury would have found beyond a reasonable doubt that defendant, in committing the burglary, abused a position of trust. Accordingly, we decline to exercise our discretion under *Ailes* with respect to the imposition of the departure sentence on that ground.

Affirmed.