Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed February 25, petition for review denied May 14, 2009 (346 Or 213)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## WILLIAM CHARLES SANDERS, JR.,
aka Willie Charles Sanders, Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
010130320; A116039

203 P3d 252

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Sanders*, 200 Or App 286, 113 P3d 922 (2005) (*Sanders I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Sanders*, 345 Or 316, 195 P3d 63 (2008). In *Sanders I*, we remanded for resentencing because the court had imposed upward departure sentences on defendant's convictions for attempted murder and first-degree assault based on judicial factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we conclude that we should not exercise our discretion to correct the error. Accordingly, we affirm.

Defendant was charged with, and convicted of, one count of attempted murder, ORS 163.115; ORS 161.405, one count of first-degree assault, ORS 163.185, and two counts of first-degree burglary, ORS 164.225. The convictions were based on an incident in which defendant unlawfully entered a former girlfriend's apartment, stabbed her in the throat, and then cut the side of her face. Both the attempted murder and the first-degree assault convictions carried a mandatory minimum sentence of 90 months, but the court imposed an upward departure sentence of 130 months on the attempted murder and 120 months on the assault, based on its findings that (1) defendant was on supervision at the time of the offenses; (2) the crimes were committed while a restraining order was in place to keep him from contacting the victim; and (3) defendant had continued to contact and threaten the victim even after the attack at issue in this case. The court made an additional determination that any of the departure factors would be independently sufficient to support the imposition of the departure sentences with respect to both crimes. *See generally State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). On the remaining burglary counts, the court imposed sentences of 65 months' imprisonment each, to

run concurrently with each other but consecutively to defendant's other sentences.

On appeal, defendant argues that the imposition of departure sentences violated his jury trial rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Given that judicial factfinding supported the imposition of the departure sentences, we agree with defendant that there is error apparent on the face of the record. ORAP 5.45. The question on remand is whether we should exercise our *Ailes* discretion to correct the plain error committed with respect to the imposition of the departure sentences. For the reasons that follow, we determine that we should not exercise our *Ailes* discretion.

One factor to be considered under *Ailes* is the competing interests of the parties. 312 Or at 382 n 6. In *Ramirez*, the court, weighing the competing interests of the parties, concluded that it would be an improper exercise of discretion to order resentencing based on judicial factfinding that the victim suffered a permanent injury, given "undisputed evidence in the record * * * that the victim lost her right eye as a result of being shot in the head." 343 Or at 513. The court emphasized that, if there is "no legitimate debate" concerning the factual predicate for a sentence, the state's interest in avoiding unnecessary proceedings outweighs a defendant's interest in correcting the sentencing error. *Id.*

In this case, the fact that the crimes occurred when the victim had a restraining order against defendant is beyond legitimate debate, as evidenced by statements made by the victim at trial and by defendant at sentencing. Because the trial court specifically found that that factor alone would support the imposition of the departure sentences, we conclude that the "interests of the parties" factor weighs so heavily against a remand for resentencing in this case that it is dispositive.

Accordingly, we decline to exercise our discretion to correct the sentencing error.

Affirmed.