Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed March 4, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# JOSHUA GUNNER JOHNSON,
*Defendant-Appellant.*

Lane County Circuit Court
200214420A; A121219

203 P3d 367

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Johnson*, 206 Or App 227, 136 P3d 71 (2006) (*Johnson I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Johnson*, 345 Or 315, 195 P3d 63 (2008). In *Johnson I*, we remanded for resentencing because the court had imposed an upward departure sentence on defendant's conviction for first-degree robbery based on judicial factfinding, in violation of his jury trial rights under the Sixth Amendment to the United States Constitution as set forth in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we conclude that we properly exercised our discretion to correct the error. Accordingly, we affirm defendant's convictions but remand for resentencing.

In this case, defendant was convicted of first-degree robbery with a firearm, ORS 164.415, first-degree burglary, ORS 164.225, and second-degree assault, ORS 163.175. On the first-degree robbery conviction, the court, rather than imposing the mandatory minimum sentence of 90 months' imprisonment pursuant to ORS 137.700(2)(a)(Q), imposed an upward departure sentence of 120 months' imprisonment, based on factual findings that defendant was on parole at the time of the offense and that defendant's criminal behavior had been escalating. The trial court did not indicate that either factor would be independently sufficient to support the departure sentence. The court also imposed concurrent sentences of 70 months' imprisonment on the second-degree assault conviction and 36 months' imprisonment on the first-degree burglary conviction.

On appeal, defendant argued that the imposition of the departure sentence violated his Sixth Amendment jury trial rights under *Blakely*. Given that each of the court's

bases for departure was predicated on judicial factfinding, we agreed with defendant that both of those aspects of the sentencing constituted error apparent on the face of the record. ORAP 5.45.

Thus, the issue on remand reduces to whether we should exercise our discretion under *Ailes* to correct that error in the circumstances of this case. Even more particularly, because the sentencing court did not specify that either departure factor was independently sufficient, if we determine that we should exercise our *Ailes* discretion with respect to either one of the factors, a remand for resentencing is required. *See State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). For the reasons that follow, we exercise our discretion to correct the sentencing court's error with respect to the "escalating conduct" departure factor and, consequently, do not address the "on parole" factor.

In determining whether to exercise our discretion, we are guided by numerous considerations, including "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case." *Ailes*, 312 Or at 382 n 6. The "interests of the parties" factor includes whether the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." *Ramirez*, 343 Or at 513. Where we are able to conclude that there would be "no legitimate debate" that a jury would find the facts necessary to support the enhanced sentence, the defendant has no significant interest in resentencing, whereas the state does have a significant interest in avoiding an unnecessary resentencing. *Id.* If there is "no legitimate debate" concerning the factual predicate for a sentence, the state's interest in avoiding unnecessary proceedings outweighs a defendant's interest in correcting the error. *Id.*

In this case, the state argues that no legitimate debate exists as to either factor relied on by the trial court in imposing the upward departure sentence. In particular, the state notes that defense counsel acknowledged that defendant was on parole for a prior robbery when the present robbery occurred. The state also suggests that, because it was not disputed that the present conviction concerned a robbery

with a firearm, and the prior robbery conviction did not indicate that the conviction was based on defendant's use of a firearm during the commission of that offense, it is beyond legitimate debate that defendant's criminal conduct had escalated.

The record at sentencing concerning the aggravating factors is sparse. A great deal of the information presented by the prosecutor concerned his personal knowledge of defendant's criminal history and is not directly supported by evidence in the record. Defense counsel acknowledged that defendant had two prior convictions for delivery of a controlled substance, as well as a conviction for "federal bank robbery." Given the paucity of the information in the record, as well as the somewhat subjective nature of an inquiry into what constitutes "escalating" behavior, we conclude that the present case is not one in which "no legitimate debate" exists as to the facts underlying the departure sentence.

We turn to the other factors relevant to our exercise of *Ailes* discretion. As to the "gravity of the error," *Ailes*, 312 Or at 382 n 6, the departure sentence added 30 months to defendant's term of imprisonment. As to whether the trial court was given the opportunity to correct the error, *id.*, and whether there might exist strategic reasons why defendant did not object to the sentence, *Fults*, 343 Or at 523, we conclude that neither factor weighs significantly against correction of the error. In this case, the timing of the sentencing indicates that, had a *Blakely*-based objection been made, it would not have succeeded. We note, finally, that defense counsel did, in fact, argue against the imposition of the departure sentence, albeit not on the grounds raised on appeal. In sum, we find that numerous factors militate in favor of correction of the error. Accordingly, we exercise our discretion under *Ailes* to correct it.

Remanded for resentencing; otherwise affirmed.