Submitted on record and briefs March 30, sentences vacated; remanded for
resentencing; otherwise affirmed October 12, 2005

STATE OF OREGON,
*Respondent,*

*v.*

CHESTER LAWRENCE GUNTER, JR.,
*Appellant.*

CR0200095; A119373

121 P3d 16

Peter A. Ozanne, Executive Director, and Peter Gartlan,
Chief Defender, and Jamesa J. Drake, Deputy Public
Defender, Office of Public Defense Services, filed the brief for
appellant. Chester Lawrence Gunter, Jr., filed the supple-
mental brief *pro se*.

Hardy Myers, Attorney General, and Mary H. Williams,
Solicitor General, and Christina M. Hutchins, Assistant
Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Breithaupt, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant was convicted on counts of first-degree rape, first-degree sodomy, first-degree unlawful sexual penetration, first-degree kidnapping, and second-degree robbery; he received sentences on those convictions totaling 620 months. On appeal, defendant challenges his convictions and sentences on various grounds. We reject defendant's challenges to his convictions without discussion.

■ ■ With respect to his sentences, defendant argues, among other things, that the sentencing court imposed upward departure sentences based on facts not admitted by defendant nor found by the jury. Although the parties dispute whether that argument was preserved below, we have held that an upward departure based on facts not admitted by the defendant nor found by the jury constitutes error apparent on the face of the record. *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005). The trial court, therefore, plainly erred in departing on defendant's kidnapping, sodomy, and unlawful penetration convictions based on its own findings of deliberate cruelty and permanent injury to the victim. Accordingly, we exercise our discretion to review the error for the reasons stated in *Perez*, and we vacate defendant's sentences and remand for resentencing.[1]

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] Because we vacate defendant's sentences and remand for resentencing, we need not address defendant's remaining arguments regarding the lawfulness of his sentences.