Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed April 1, appellant's petition for reconsideration filed June 5 allowed by opinion July 15, 2009
See 229 Or App 714, _____ P3d _____ (2009)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHESTER LAWRENCE GUNTER, JR.,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0200095; A119373

205 P3d 84

Rebecca A. Duncan, Assistant Chief Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Gunter*, 202 Or App 209, 121 P3d 16 (2005) (*Gunter I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Gunter*, 345 Or 315, 195 P3d 63 (2008). In *Gunter I*, we remanded for resentencing because the court had imposed upward departure sentences on several of defendant's convictions based on judicial factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our *Ailes* discretion. As explained below, we conclude that we should not exercise our discretion to require resentencing. Accordingly, we affirm.

Defendant was convicted of two counts of second-degree robbery, ORS 164.405, one count of first-degree kidnapping, ORS 163.235, one count of first-degree rape, ORS 163.375, one count of first-degree sodomy, ORS 163.405, and one count of first-degree unlawful sexual penetration, ORS 163.411, all arising from his conduct on December 30, 2001. That morning, defendant entered a Starbucks coffee shop. He informed the two employees that he had a gun and indicated that he intended to rob the store. He then instructed one of the employees to remain in the store and count to 100. He took the other employee to his truck, drove her some distance away, and then sexually penetrated, sodomized, and raped her. After he let her leave, she ran to a nearby house and called 9-1-1.

On the two robbery convictions, the court imposed 70-month mandatory minimum sentences pursuant to ORS 137.700. On each of the remaining convictions, the court imposed an upward departure sentence of 120 months, which exceeded the mandatory minimum sentences for those crimes,[1] based on findings that each of those crimes involved

---

[1] The mandatory minimum sentence for each of the sexual offenses was 100 months; the mandatory minimum sentence for the kidnapping was 90 months. ORS 137.700(2)(a)(H), (J), (L), (N).

(1) deliberate cruelty and (2) permanent injury to the victim. The court did not specify that either of those factors would be independently sufficient to support the departure sentences. The court also imposed consecutive sentences on all counts. Consequently, the court imposed a total of 620 months' incarceration on all convictions.

■　　　On appeal, defendant argues that the imposition of departure sentences ran afoul of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Given that each of the court's bases for departure was predicated on judicial factfinding, we agree with defendant that the imposition of the departure sentences constituted error apparent on the face of the record. ORAP 5.45.

Thus, the issue on remand reduces to whether we should exercise our discretion under *Ailes* to correct that error in the circumstances of this case. Even more particularly, because the sentencing court did not specify that either departure factor was independently sufficient, if we determine that we should exercise our *Ailes* discretion with respect to any one of the factors, a remand for resentencing is required. *See generally State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). For the reasons that follow, we decline to exercise our discretion to correct the sentencing court's error.

In determining whether to exercise our discretion, we are guided by numerous considerations, including "the competing interests of the parties; the nature of the case; the gravity of the error; [and] the ends of justice in the particular case." *Ailes*, 312 Or at 382 n 6. The "interests of the parties" factor includes whether the state has "a significant interest in avoiding a second, unnecessary sentencing hearing." *Ramirez*, 343 Or at 513. Where we are able to conclude that there would be "no legitimate debate" that a jury would find the facts necessary to support an enhanced sentence, the defendant has no significant interest in resentencing and, concomitantly, the state does have a significant interest in avoiding an unnecessary resentencing. *Id.*

Here, the state argues on remand that there is "no legitimate debate" that a jury would have found the two aggravating factors on which the trial court based defendant's departure sentences. The state then recounts in detail

the facts supporting defendant's convictions, as well as evidence presented at the sentencing hearing describing the effect the crimes have had on the victim.

■        A detailed recitation of the facts would be of no assistance to the bench, the bar, or the public. Suffice it to say that, with respect to deliberate cruelty, the victim of the sexual attacks testified in detail both at trial and at sentencing about defendant engaging in conduct that was tantamount to taunting notwithstanding the victim's tearful protests. Further, with respect to permanent injury, the victim also described in detail the catastrophic traumatic effect of the crimes on her life, including her continuing near incapacitation from fear and the devastation of personal relationships. We conclude, on this record, that there is "no legitimate debate" that a jury, had it been asked to find the factual predicates for imposition of the departure sentences on either or both of those bases, would have done so. *Ramirez*, 343 Or at 513. Accordingly, we decline to exercise our *Ailes* discretion to correct the sentencing error.

Affirmed.